## 807. COLEMAN v. THE STATE.

No error of law was committed, and the verdict is fully supported by the evidence.

Indictment for misdemeanor, from Haralson superior court—Judge Edwards. October 2, 1907.

Argued December 9,—Decided December 20, 1907.

*Griffith, Weatherly & Matthews,* for plaintiff in error.

*W. K. Fielder, solicitor,* contra.

HILL, C. J. The act of 1905 makes it a misdemeanor to be drunk or intoxicated on any public street or highway, or within the curtilage of any private residence not in the exclusive possession of the person so intoxicated; but, to complete the offense, the drunkenness or intoxication "must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar or profane or unbecoming language, or loud and violent discourse." Acts 1905, p. 114. The purpose of the statute is to protect the public streets and highways and private residences, not so much from the presence of the drunkard as from the conduct of the drunkard as described in the act. In other words, a man while intoxicated can be on the public streets or highways, or within the curtilage of private residences, without violating the law, provided he does not then and there make manifest his drunken condition by some disorderly conduct as set out in the statute. To make him guilty while intoxicated at any of the places mentioned, he need only make manifest his condition by some one of the disorderly acts described. The extent of his disorderly and improper conduct illustrates the degree of his guilt, but not the fact of his guilt. The indictment charges the defendant with a violation of this statute by his presence, condition, and conduct within the curtilage of two private residences therein mentioned. The evidence shows that on Sunday, March 17, 1907, while drunk, he went to the residence of a widow, and, while inside the house and on the outside in the yard, he drank whisky, used profane language, had a difficulty with another man, refused to leave the house although positively requested to leave, and made clearly manifest his drunken condition by boisterousness, by indecent condition and acting, and by loud and violent discourse. This was in the presence of the two young daughters and one young son of the house, their mother being ab-

sent. He remained at the residence in this condition, acting in this disorderly and unbecoming manner, for nearly two hours. The girls and the boy were finally compelled to leave home on account of this condition and conduct, and seek refuge in the house of a neighbor. The defendant and a companion followed them to the very door of the neighbor's house. The foregoing is a substantial statement of the evidence of the two girls, the young boy, and the neighbor to whose house they went for protection. It is only disputed by the defendant in his statement. The jury found a verdict of guilty, and we can not say that it was not fully warranted by the facts.

Several special assignments of error are made on the admission of certain testimony, and on certain instructions to the jury, and the failure to instruct. It is insisted that the court erred in admitting testimony as to the condition and conduct of the defendant after leaving the house and before reaching the neighbor's house. This testimony was admitted as illustrating the condition and conduct of the defendant while in the house, and as a part of the res gestæ. It was clearly competent for this purpose. This also applies to the testimony that the defendant drew his knife on one of his companions "right at the door" of the neighbor's house. This latter testimony was also admissible because the indictment charged the defendant with being drunk and manifesting his drunkenness by disorderly conduct in the curtilage of this house as well as of the other.

It is said the court erred in not explaining to the jury the legal meaning of the word "boisterousness" as used in the statute. We do not know that this word has any legal meaning. It is used in the statute in its popular and ordinary signification, to characterize the conduct of the intoxicated person. The jury probably understood the meaning of the word, in connection with the context of the statute, fully as well as the judge. The court could not have made the significance of the word clearer by explanation or definition. The jury, after considering of their verdict, returned into court, and asked if they could make a recommendation in their verdict. The judge told them "Yes, you can make such recommendation as you see proper, and it will be respected by the court." It is said there is no law authorizing juries in misdemeanor cases to make recommendations, and that this reply of the judge misled

the jury, to the injury of the defendant. The jury did recommend
.a light sentence; and it is not claimed that the sentence imposed
indicates any deception on the part of the court.

We do not think any of the special assignments of error are
meritorious; and the verdict is amply supported by the evidence.

*Judgment affirmed.*