### 3806.  FORD v. THE STATE.

1. A violation of the statute which forbids one to be drunk or intoxicated within the curtilage of any private residence not in his exclusive possession may be manifested by his indecent condition or acting.  The indecent condition may exist in the degree of the intoxication, even if there be no harmful act and no unbecoming language or loud and violent discourse.
2. The evidence authorized the verdict of guilty.

DECIDED JANUARY 30, 1912.

Accusation of misdemeanor; from city court of Valdosta—Judge Cranford.  October 13, 1911.

*G. A. Whitaker, S. M. Varnedoe,* for plaintiff in error.

*James M. Johnson, solicitor,* contra.

RUSSELL, J.  The only question presented by this record is whether the mere fact that the defendant went to the private dwelling-house of another in such an intoxicated condition that, in attempting aimlessly to grab at a little child, he fell in the middle of the floor, and, without resistance, was ejected, authorized his conviction under § 442 of the Penal Code.  It is contended that there can be no violation of this section (which forbids any person's appearing in an intoxicated condition on any public street or within the curtilage of any private residence), unless the intoxication is made manifest by some act or language on the part of the intoxicated person.  Counsel cite the rulings of this court in *Coleman* v. *State*, 3 *Ga. App.* 298 (59 S. E. 829), *Dorsey* v. *State*, 7 *Ga.*

*App.* 366, 372 (66 S. E. 1096), *Haines* v. *State,* 8 *Ga. App.*
631 (70 S. E. 84), in support of this position. There is
no ruling in any of these cases upon the precise point here pre-
sented, and certainly nothing that conflicts with the view that the
language declaring that the intoxicated condition may be mani-
fested by indecent condition is for any reason to be disregarded.
In the *Coleman* case, supra, it is true that the defendant was shown
to have been guilty of using profane language and of doing other
acts which clearly demonstrated that he was drunk; and, in the
opinion, Judge Hill was dealing with the facts as presented. But
the statement that " the purpose of the statute is to protect the
public streets and highways and private residences not so much from
the presence of the drunkard as from the conduct of the drunkard,
as described in the act," can not be construed as a ruling directed
in any sense to that portion of the statute which declares that the
intoxication may be manifested by indecent condition alone; for, in
commenting on the evidence, Judge Hill states that in the case un-
der discussion, the plaintiff in error " made clearly manifest his
drunken condition by boisterousness, by *indecent condition* and act-
ing, and by loud and violent discourse." The *Coleman* case was
one in which the numerous acts of the defendant overshadowed any
reference to his condition and pretermitted any necessity for refer-
ence to that portion of the statute, but there is certainly nothing
said in the opinion that could warrant the conclusion that the in-
toxication forbidden by the statute might not be manifested by the
indecent condition of the accused, without anything more being
shown. The same is true as to the comments of the writer in *Dor-
sey* v. *State,* supra. The statement in the *Dorsey* case, that " one
may be intoxicated without violating the statute, provided he is
guilty of no act which violates public decency," is not exclusive
of such an act as would be committed if one went to the private
dwelling-house of another in such a condition of beastly intoxica-
tion as to violate every rule of decency and propriety. The going
is an act. The appearing within the curtilage of a dwelling-house
is an act on the part of the person who appears, and the indecency
would depend largely upon the degree of the intoxication. The in-
toxication might, of itself, be so complete as to evidence an "inde-
cent condition."

In the *Haines* case, supra, reference was made to the specific

charge upon which the defendant was being tried, and to the fact that one of the acts specifically mentioned in the statute was the use of vulgar, profane, and unbecoming language; but in a subsequent portion of the opinion the writer said, that "to appear in an intoxicated condition in any portion of the area enclosed by the curtilage, whether within or without the dwelling-house, is a violation of the statute." It is true that the question then under discussion was whether the law penalized drunkenness in a dwelling-house, inasmuch as the language used in the statute was, "within the curtilage of any private residence," but the language quoted from the decision clearly indicates the opinion of this court that it was the intention of the legislature to penalize the appearance of any one so intoxicated as to be in any way offensive, by reason of such intoxicated condition, to others at any dwelling-house not his own. In the opinion of the writer, laws directed against the abuse of intoxicants can not be too strictly enforced. The writ of error is without merit.

*Judgment affirmed.     Pottle, J., not presiding.*