## 4919. LOVETT *v.* THE STATE.

1. In a prosecution for drunkenness on a public street or highway of a municipality, the evidence must show that the street or highway legally became such, by legislative enactment, or by municipal ordinance authorized by the charter of the city or town, or by dedication or prescription. But the fact that the court permitted a witness, who had already stated facts showing the establishment of the highway in question by prescription, and another witness, who proved that another highway was a public street by dedication and subsequent use, to refer to these streets as "public streets" is not error requiring the grant of a new trial.

2. It appearing that in an indictment charging a violation of section 442 of the Penal Code it was alleged that the defendant manifested the alleged drunkenness in all the ways referred to in the statute, it was not error for the court to charge the jury (after having read to them the code section) that if they believed "that the defendant was drunk

at the place alleged in this bill of indictment, and that his conduct was such as violates this statute I have just read to you," it was their duty to convict. This instruction was not error because, as alleged, it tended to confuse the jury, or for any other reason.

3. To vomit on one's person and clothing, although the act be done involuntarily and in a drunken stupor, and is not accompanied by any other act or by any language, places one in such an "indecent condition," as related to a public highway, as will authorize a jury, upon proof of the drunkenness of the accused, to convict him of a violation of section 442 of the Penal Code.

4. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED JULY 8, 1913.

Accusation of misdemeanor; from city court of Dublin—Judge Hicks. April 14, 1913.

*T. E. Hightower,* for plaintiff in error.

*George B. Davis, solicitor,* contra.

RUSSELL, J. 1. The plaintiff in error was convicted of the offense of being drunk upon a public highway (Penal Code, § 442). There are only two points presented by the special assignments of error. In the fourth ground of the amended motion for a new trial it is contended that the court erred in allowing certain witnesses to testify that the defendant was drunk on certain streets which they designated as "public streets," in the town of Dexter, Georgia, without proof that these streets were in fact public highways. If the proof as to whether the streets in question were in fact lawfully created public highways rested wholly upon the opinion of witnesses to that effect, the point would be good. As pointed out in *Johnson* v. *State*, 1 Ga. App. 196 (58 S. E. 265), public highways not within a municipality can only be established in four ways, to wit: (1) by legislative enactment, (2) by action of the proper county authorities, (3) by dedication, or (4) by prescription. Within the limits of a municipality public highways or streets can only be established (1) by legislative enactment, (2) by the action of the municipal authorities within the special powers conferred by the municipal charter, or by virtue of the act of the proper county authorities prior to incorporation, (3) by dedication, and (4) by prescription.

Since the law definitely prescribes the manner in which public highways must be established, the proof, upon the trial of one accused of drunkenness in violation of section 442 of the Penal Code, must show that the road or street which the indictment al-

leges to be a public street or public highway, was established in accordance with law and in one of the modes prescribed by the law. In the present case, however, this was done. As to one of the streets over which the witnesses testified they saw the defendant pass in a drunken condition a witness testified that it had been used as a public highway or road for more than twenty years. The establishment of this street by prescription was therefore proved. As to another street upon which numerous witnesses testified that the defendant was seen in a drunken condition, the former owner of the land through which the street was opened testified that he had dedicated it as a public street. It is true that there was testimony that the place where the defendant was arrested in his three-wheeled buggy was not a public street, but a mere passageway which had been opened by the owner of the land to provide customers of his mill means of access thereto; but this is immaterial, since the testimony is undisputed that the defendant had traversed two public streets proved to have been established as such in the two methods to which we have referred. Since there was positive evidence of the establishment of these two streets, it was not error on the part of the trial judge to permit the witnesses, in referring thereafter to these highways, to designate or describe them as "streets" and "public streets."

2. It is insisted that the instruction of the trial judge which is quoted in the second headnote was error, because it tended to confuse the jury and mislead them as to the law on which the defendant was being tried, especially as the court had charged the whole statute and the defendant was being tried, as insisted, for violating a specific part thereof, and not for a violation of the whole. The language of the trial judge is not objectionable on the ground that it tended to confuse the jury, or for any other reason. The indictment charged that the drunkenness of the accused was manifested in all of the ways mentioned in section 442 of the Penal Code. It might be that the evidence was not sufficient to satisfy the jury that the drunkenness of the accused was manifested in more than one of the ways mentioned in the indictment; but since it was not the duty of the judge to pass upon the evidence, nor within his power to determine whether this was in fact the state of the record, and as it was for the jury to determine whether the drunkenness of the accused was manifested in all of the ways men-

tioned in the statute, or in only one way, it was not error for the judge, after having read the statute, and referring specifically to it (as appears from the charge), to tell the jury that if they believed the defendant's conduct was such as violated the statute in any of the ways specified therein, he would be guilty.

3. The facts in this case make apparent the soundness of the judge's instruction. The real question in the case was whether the involuntary act of the accused, while in a drunken stupor, of vomiting all over himself, and thus making an exhibition of himself, in one of those public places where the observance of common decency must be enforced, was such a wilful act as to come within the inhibition of the statute which forbids any one to be and appear on a public street or highway in an intoxicated condition manifested by the indecency of his acts or by his very condition. One who has not done any of the acts specified in the statute as means by which the drunkenness prohibited may be demonstrated or manifested may nevertheless be guilty of a violation of the statute if his condition, caused by his drunkenness, is such as of itself to be obnoxious to public decency. The question as to whether one's condition is such as to offend public decency is purely a question of fact, and must be determined by the jury, who can take into consideration the circumstances of the case.

4. Having dealt with the special assignments of error in the headnotes, we need say nothing more than that a review of the record satisfies us that the evidence fully authorized the verdict, and it was not error on the part of the trial judge to refuse a new trial.                    *Judgment affirmed.*