## 5446.   HOWELL *v.* THE STATE.

1. One who lies prone and helpless on his back across a public highway, with his head near the middle of the highway and thereby partly blocks the road, while in a state of utter helplessness from intoxication, makes a spectacle shocking to the sensibilities of all right-minded persons passing by, and is therefore punishable under section 442 of the Penal Code of 1910.
2. Where one of the issues in a case is whether the defendant was intoxicated, evidence tending to show his use of intoxicants and the usual effect of intoxicating liquors on him is admissible and proper.

DECIDED MARCH 26, 1914.

Indictment for intoxication in a highway; from Colquitt superior court—Judge Thomas. December 20, 1913.

*W. A. Covington, T. W. Mattox,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

WADE, J. As was held in the case of *Peterson* v. *State,* 13 *Ga. App.* 766 (79 S. E. 927), under the terms of section 442 of the Penal Code (1910), it is not unlawful for a person to be and appear in an intoxicated condition on any public highway or street, unless the intoxication is manifest by boisterousness or by *indecent condition or action,* or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxicated. Where the evidence shows that a defendant accused under this section of the code was lying in the public highway on his back, stretched out, drunk, and unable to get out of the road, with his head out in the road and near the middle thereof, and his feet towards the side of the road, so that he had to be dragged to one side by another person in order to permit the passage of a vehicle, being utterly unable to help himself, though attempting to move out of danger, his condition may be described as "indecent," and he

would be guilty under the precise provisions of said section, since a thing or condition is "indecent" that is "offensive to public propriety, offending against delicacy, unfit to be seen, gross or immodest." Standard Dictionary (1913), 1247.

, Where an issue in the trial was whether or not the defendant was intoxicated, or suffering from some physical ailment, it was proper for the court to admit testimony tending to show the habits of the defendant with regard to intoxicants, or the effect thereof on him; as such evidence might illustrate his condition at the time he was charged with being drunk, etc., or at least throw light upon the question by establishing a comparison between his then condition and his usual condition when intoxicated.

*Judgment affirmed. Roan, J., absent.*