## 5607. DAVIS *v.* THE STATE.

1. The public drunkenness punishable by the terms of section 442 of the Penal Code "must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or by loud and violent discourse;" and reckless driving can not properly be included within "indecent condition and acting" as defined in the code section.

2. The ordinary significance of the word "indecent" attaches to that. term as used in section 442 of the Penal Code, and no "condition or acting" can be said to be indecent unless it is unfit to be seen, or so gross or immodest as to be offensive to public propriety, or repulsive to a just delicacy of feeling.

DECIDED MAY 14, 1914.

Indictment for misdemeanor; from Cobb superior court—Judge Patterson. February 12, 1914.

*Charles H. Griffin*, for plaintiff in error.

*Herbert Clay, solicitor-general*, contra.

RUSSELL, C. J.  The defendant was indicted for the offense of public drunkenness as forbidden by section 442 of the Penal Code, and was convicted.  The indictment alleged several of the means by which the alleged intoxication was made manifest which are specified in the code section, and, in addition, charged that the drunkenness of the defendant was made manifest "by running his horse."  The defendant, in his statement at the trial, denied that he was drunk, or that he had even taken any intoxicant; but we pretermit any consideration of the defendant's theory, for the reason that it was evidently disregarded by the jury, and the case here must stand or fall on the evidence adduced in behalf of the State, which the jury preferred to believe, as was their right.  The testimony for the prosecution is summarized in the statement that on the date alleged in the indictment the accused was pressing his horse, and driving him very rapidly along the public road, and that as his horse would run he reeled in the buggy in which he was sitting.  From the fact that the accused swung himself backward and forward, or reeled from one side of the buggy to the other, the witness for the State testified that, in his opinion, the defendant was drunk, although the witness was on his veranda thirty yards from the road at the time the accused passed, and did not know that the accused had had a drink and did not smell any whisky.  There was no proof that the accused was boisterous, or cursed as alleged in the indictment; and therefore the only question which presents itself is whether (conceding that he was shown to be drunk) he could be legally convicted of a violation of section 442 of the Penal Code, merely because he ran his horse while in a drunken condition.  Section 442 of the Penal Code, so far as it relates to the State offense, is as follows: "If any person shall be and

appear in an intoxicated condition on any public street or high-way, or within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated, or upon any steamboat engaged at the time in carrying passengers, which said drunkenness or intoxication may be caused by the excessive use of intoxicating wines, beers, liquors, or opiates, and must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken, he shall be guilty of a misdemeanor."

It is plain, from the language of the statute, that any drunkenness in any of the public places mentioned therein, which is manifested by indecent condition or acting, is denounced and is punishable by law. And for this reason this court held in *Lovett* v. *State*, 13 *Ga. App.* 72 (78 S. E. 857), that one who made an indecent spectacle of himself by lying asleep, while drunk, upon a public street, after he had vomited over himself, was guilty of violating the statute; and in *Ford* v. *State*, 10 *Ga. App.* 442 (73 S. E. 605), we held that where one went to another's house in such a state of intoxication as that he frightened a child, and fell down helpless as a result of his effort, this conduct was, under the circumstances, indecent. The question has been considered by this court more than once, but since the drunkenness in the present case was manifested by nothing more than the reeling and swinging backward and forward of the defendant, in his buggy, while running his horse, the decision in this case is fully controlled by the ruling of this court in *Peterson* v. *State*, 13 *Ga. App.* 766 (79 S. E. 927) ; and for that reason the court erred in overruling the motion for a new trial. We do not mean to say that the running of his horse by a drunken man might not be an element which would contribute to or aggravate the indecency of some other act or condition which could well be included within that term, but mere fast or reckless driving can not be said to be "indecent," although it may be illegal.

The defendant in the present case might be guilty of a violation of the statute forbidding cruelty to domestic animals, if he drove his horse at an immoderate rate of speed and continued this driving for a cruel and unreasonable length of time, or if the driving for any reason was so disproportioned to the capacity of the animal to endure it as to render such driving cruel. However, as pointed

out in the *Peterson* case, supra, criminal laws can not be extended beyond their precise terms. They must be construed strictly with reference to the rights of the accused. The legislature could very properly have exercised the power of punishing drunkenness when manifested by reckless driving, or by driving at a speed so unreasonable as to be cruel to a domestic animal, and a provision to this effect might be most salutary. But the term "indecent," in its general meaning, does not include the concept of recklessness, nor even of impropriety, unless the impropriety be such as to offend the sentiments of delicacy and modesty universally recognized in civilized communities. The Standard Dictionary (1913), p. 1247, defines "indecent" as "offensive to common propriety;" "offending against modesty or delicacy; unfit to be seen or heard; or immodest; gross; obscene." For this reason we held in *Howell* v. *State,* 13 *Ga. App.* 75 (81 S. E. 247), that one who was lying in a public highway, on his back, stretched out drunk and unable to get out of the road, his head near the middle of the road and his feet toward the side, so that he had to be dragged to one side in order to permit the passage of vehicles, was drunk under such circumstances as that his drunkenness was manifested by an indecent condition within the meaning of the statute. In the present case the only allegation of the indictment which is supported by proof is that the drunkenness of the accused upon the Marietta and Cumming road was manifested by his running his horse, and we can not hold that the mere running of a horse is *indecent* conduct.

*Judgment reversed.*