### 5611.   Rice *v*. City of Eatonton.

Wade, J. The evidence for the city is altogether circumstantial and exceedingly weak, and not only fails to exclude every reasonable hypothesis consistent with innocence, but rather tends to corroborate the testimony for the defendant; and hence the judge of the superior court erred in overruling the certiorari.          *Judgment reversed.*

Decided May 14, 1914.

Certiorari; from Putnam superior court—Judge Park. March 16, 1914.

In the police court of Eatonton, Pennington was convicted on the charge of having violated an ordinance of that city, which pro-

vides as follows: "Any person who shall in said city run a 'blind tiger,' or have or keep for the purpose of sale, in any quantity, any wine, whisky, beer, or other intoxicating liquors, . ·. shall be guilty of an offense, for which upon conviction he shall be punished as prescribed in section 2 of this code. The possession of an unusual quantity of any such intoxicants, unless satisfactorily explained, shall be prima facie evidence of guilt." He sued out certiorari, alleging that the conviction was contrary to law and without evidence to support it; the certiorari was overruled, and he excepted.

The evidence was as follows: John T. Burke testified, that he went to the defendant's home with a search warrant, about half-past 2 o'clock, Saturday afternoon, September 20, 1913, and searched the house. He found 6½ quarts of whisky in the defendant's trunk, saw about two dozen empty bottles in the house, and found two cards of whisky shipments, one with the defendant's name on it, and one with L. Bullard's name on it. The defendant had in his pocket the key of the trunk containing the 6½ quarts of whisky, and opened the trunk. Mattie May Foster testified as follows: "I have seen the defendant . . carry large packages of what appeared to be whisky to his house from once to twice a week, and, while I don't know what was in the packages, I thought them to be whisky packages. I have seen people go to and from his house, and have seen some drunken people leave the defendant's house in the past two years." L. Bullard testified: "Half of the whisky found at the defendant's house belongs to me. Mr. Zack Gorley ordered it for me. He ordered 8 quarts for me. Half of it belonged to the defendant, and half to me." Zack Gorley testified: "I ordered 8 quarts of whisky for L. Bullard on the 8th of September, 1913. He borrowed part of the money from me, and told me, at the time, that he was ordering 4 quarts for some one else." The defendant made the following statement. "Mr. Burke came over to my house Saturday night, asked me if I had any whisky there, and I told him I did, that it was in the trunk. I opened the trunk for him, he got the whisky, and brought both me and the whisky to town."

*R. C. Jenkins, M. F. Adams,* for plaintiff in error.