## 6405. SULLIVAN *v.* THE STATE.

1. Upon the trial of one accused of a violation of the statute prohibiting intoxication upon a public highway (Penal Code, § 442), it is the province of the jury to say what it takes to make "boisterousness," or "indecent conduct or acting," and likewise it is their province to determine, from the evidence, whether or not the defendant was "intoxicated" or "drunk." *Haines* v. *State,* 8 *Ga. App.* 627 (5), 631 (70 S. E. 84).

2. In such a case, the question as to whether one's condition is such as to offend public decency is purely a question of fact, and must be determined by the jury, who can take into consideration all the circumstances of the case. *Lovett* v. *State,* 13 *Ga. App.* 71, 74 (78 S. E. 857).

3. There is evidence to support the verdict, and, the trial judge having approved it, and there being no error of law, this court has no authority to interfere.

DECIDED SEPTEMBER 18, 1915.

Accusation of misdemeanor; from city court of Carrollton— Judge Beall. February 8, 1915.

*Boykin & Robinson,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

BROYLES, J. Vince Sullivan was convicted of being drunk on a public road, in violation of section 442 of the Penal Code. The evidence shows that the accused was driving rapidly and recklessly along a public road, on a Sunday and near a church; that he had his head down and the reins loose on the dashboard; that he reeled in his buggy and fell over the dashboard; that he met five or six persons who were also driving along the road, and that he gave none of these people any part of the road, and came very near running into all of them; that one vehicle, occupied by two men and a lady, had to be driven clear off the road to escape being run over by the defendant; that he talked in a mumbling voice,

like a drunken man; that he drove into a yard and caused the people there to run into the house; that he drove out of the road into a garden, with such rapid and reckless speed that he knocked down about fifteen feet of the garden fence in one place, and about three or four feet in another; that he was lying down on the seat of his buggy, with the reins loose, and paying no attention whatever to others upon the road; that he appeared to be drunk and acted like a drunken person. The accused himself made no statement and introduced no evidence. His counsel insist that the verdict is contrary to law, under the rulings of this court in *Peterson* v. *State,* 13 *Ga. App.* 766 (79 S. E. 927), and *Davis* v. *State,* 14 *Ga. App.* 569 (81 S. E. 906), where it is held, in substance, that drunkenness on a public highway manifested in no other manner than by reckless driving is not covered by the statute. In our opinion the facts in the case at bar remove it from the rulings in the two cases just mentioned. The decision in the *Peterson* case is that "the law does not provide for the punishment of intoxication upon a public street which is not *otherwise manifested than by reckless driving*" (italics ours).

In the *Davis* case the only evidence as to the drunkenness of the accused was that he was "driving a horse very rapidly along the public road, and that as his horse would run he reeled in the buggy." There is no evidence whatever that he disturbed, discommoded, or frightened any person or persons in the road by reckless, dangerous, and boisterous driving. In fact, the only witness who testified for the prosecution was, as the record shows, "on his veranda, thirty yards from the road, at the time the accused passed," and Chief Judge Russell summed up the opinion in that case as follows: "In the present case, the only allegation of the indictment which is supported by proof is that the drunkenness of the accused upon the Marietta and Cumming road was manifested by his running his horse, and we can not hold that the mere running of a horse is *indecent* conduct."

We think that the facts in the instant case, as set out above, which show that the accused was driving upon a public road, on a Sabbath day and near a church, in such a reckless, unseemly, and dangerous manner that many other persons driving upon that road were annoyed, obstructed, and frightened by him, some of them even being obliged to turn entirely out of the road to avoid being

run into, that he was acting in such a reckless, disorderly, and bois-
terous manner as to drive entirely out of the road and into another's
garden, and drove over and tore down a fence, and caused the
people in the yard to run into the house, plainly distinguish this
from the *Peterson* and the *Davis* cases. In this case it is clearly
seen that mere fast or reckless driving was not the *only* way in
which drunkenness of the accused was manifested. His entire con-
duct, as related above, was offensive to public propriety, repulsive
to a just delicacy of feeling, and obnoxious to public order and
decency, even though he used no indecent language or no loud and
violent discourse. In any event the conviction was authorized by
the proof of boisterousness, since necessarily the tearing down of
15 feet of fence was accompanied by considerable noise. In *Cole-
man* v. *State*, 3 *Ga. App.* 298 (59 S. E. 829), Chief Judge Hill,
speaking for this court, said: "The purpose of the statute (Acts,
1905, p. 114) is to protect the public streets, highways, and private
residences, not so much from the *presence* of the drunkard as from
the *conduct* of the drunkard, as described in the act. In other
words, a man while intoxicated can be on the public streets and
highways . . . without violating the law, provided he does
not then and there make manifest his drunken condition by some
*disorderly conduct* as set out in the statute" (italics ours). We
agree also with what was said by Judge Russell in *Ford* v. *State*, 10
*Ga. App.* 444 (73 S. E. 605): "In the opinion of the writer, laws
directed against the abuse of intoxicants can not be too strongly
enforced."

In our opinion, under the facts of this case, it was clearly within
the province of the jury to say whether or not the conduct of the
accused was "boisterousness," or was "indecent," within the mean-
ing of the statute.                          *Judgment affirmed.*