*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

---

## 10473. HUTCHESON *v.* THE STATE.

A conviction under section 442 of the Penal Code (1910), on the charge of being in an intoxicated condition on the public highway, "made manifest by indecent condition or acting," was authorized by evidence that the accused, a woman, was found drunk and asleep, with a man "sorter lying on" her, both under a quilt, on the back seat of an automobile on a public highway, and that she was too drunk to walk.

DECIDED JUNE 27, 1919.

Accusation of misdemeanor; from .city court of Wrightsville—Judge Blount. February 22, 1919.

*B. H. Moye, G. A. Faircloth,* for plaintiff in error.

*C. S. Claxton, solicitor,* contra.

BLOODWORTH, J. Ludie Hutcheson was indicted under section 442 of the Penal Code of 1910, for being intoxicated on a public highway; the accusation alleging that said intoxicated condition was "made manifest by indecent condition or acting." The evidence showed that the accused was found drunk and asleep, with a man "sorter lying on" her, both under a quilt and on the

back seat of an automobile, which was on a public highway. The evidence further showed that she was too drunk to walk. In *Davis* v. *State*, 14 *Ga. App.* 572 (81 S. E. 907), we find the following: "The Standard Dictionary (1913), p. 1247, defines 'indecent' as 'offensive to common propriety;' 'offending against modesty or delicacy; unfit to be seen or heard; or immodest; gross; obscene.' For this reason we held in *Howell* v. *State*, 13 *Ga. App.* 75 (81 S. E. 247), that one who was lying in a public highway, on his back, stretched out drunk and unable to get out of the road, his head near the middle of the road and his feet toward the side, so that he had to be dragged to one side in order to permit the passage of vehicles, was drunk under such circumstances as that his drunkenness was manifested by an indecent condition within the meaning of the statute." The second headnote in *Sullivan* v. *State*, 17 *Ga. App.* 122 (86 S. E. 287), is as follows: "In such a case, the question as to whether one's condition is such as to offend public decency is purely a question of fact, and must be determined by the jury, who can take into consideration all the circumstances of the case. *Lovett* v. *State*, 13 *Ga. App.* 71, 74 (78 S. E. 857)." See also *Ford* v. *State*, 10 *Ga. App.* 442 (73 S. E. 605).

Applying the foregoing rulings to the facts of this case, the jury were fully authorized to find that the intoxicated condition of the accused was "made manifest by indecent condition or actings," and, as the motion for new trial contained the general grounds only, a new trial was properly refused.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*