## 12270. FARLOW v. THE STATE.

A conviction under section 442 of the Penal Code (1910), on the charge of being in an intoxicated condition on a public highway, "made manifest by boisterousness and by indecent condition," was authorized by the evidence in this case.

DECIDED MAY 11, 1921.

Accusation of intoxication on highway; from city court of Carrollton — Judge Hood. February 4, 1921.

*James Beall,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

BLOODWORTH, J. Oliver Farlow was indicted under section 442 of the Penal Code of 1910, for being intoxicated upon a public highway; the accusation alleging that the intoxicated condition was "made manifest by boisterousness and by indecent condition."

The evidence showed that the accused was drunk, that when he passed the house of one of the witnesses "he was lying back in his buggy asleep," that he fell out of his buggy, "did not seem to fall on his head, but just in a bundle," that later he was found by some young men, "lying on his back across the public road," that they moved him from the road, one of them swearing: "I guess we could have driven around him without moving him, but we moved him from the road first." Accused had to be carried from the road to his home, and, after he had been put in bed and aroused from his stupor and asked what the matter was, said "drunk as hell." In *Davis* v. *State,* 14 *Ga. App.* 572 (81 S. E. 907), we find the following: "The Standard Dictionary (1913), p. 1247, defines 'indecent' as 'offensive to common propriety;' 'offending against modesty or delicacy; unfit to be seen or heard; or immodest; gross; obscene.' For this reason we held in *Howell* v. *State,* 13 *Ga. App.* 75 (81 S. E. 247), that one who was lying in a public highway, on his back, stretched out drunk and unable to get out of the road, his head near the middle of the road and his feet towards the side, so that he had to be dragged to one side in order to permit the passage of vehicles, was drunk under such circumstances as that his drunkenness was manifested by an indecent condition within the meaning of the statute." The second headnote in *Sullivan* v. *State,* 17 *Ga. App.* 122 (86 S. E. 287), is as follows: "In such a case, the question as to whether one's condition is such as to offend public decency is purely a question of fact, and must be determined by the jury, who can take into consideration all the

circumstances of the case. *Lovett* v. *State,* 13 *Ga. App.* 71, 74 (78 S. E. 857)." See also *Ford* v. *State,* 10 *Ga. App.* 442 (73 S. E. 605). Applying the foregoing rulings to the facts of this case, the jury were fully authorized to find that the intoxicated condition of the accused was made manifest by an indecent condition; and, as the motion for a new trial contained the general grounds only, a new trial was properly refused.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*