25630. HOLCOMBE v. THE STATE.

DECIDED SEPTEMBER 12, 1936.

*Walter Matthews,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.

GUERRY, J. The defendant was convicted of being intoxicated on a public highway, under Code, § 58-608, which declares: "Any person who shall be and appear in an intoxicated condition on any public street or highway, or within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated, . . which said drunkenness or intoxication may be caused by the excessive use of intoxicating wines, beers, liquors, or opiates, and must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken, shall be guilty of a misdemeanor." After receiving information that "some boys out there (State Highway No. 1) on the road had some whisky and was drunk or drinking," the officers went out and found the defendant lying on the front seat of an automobile with no top, in a drunken stupor, with his feet hanging over the door. They found two other boys in the woods by the side of the road, and one of

214

them ran off pouring whisky out of a jug. The defendant did not wake up until they had carried him to the jail.

In order for one to be guilty of being drunk on a public highway, such drunkenness must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse. *Chandler* v. *State,* 36 *Ga. App.* 121 (135 S. E. 494); *Dixon* v. *State,* 28 *Ga. App.* 559 (112 S. E. 159). While there is no evidence that the defendant manifested his drunken condition by "boisterousness, . . or by vulgar, profane, or unbecoming language, or loud and violent discourse," yet whether he displayed his drunkenness "by indecent condition or acting," by his appearance on a public highway where because of excessive consumption of alcohol he fell into a stupor on the front seat of a car which had no top, with his legs hanging over the door, seems to this court to have been a question peculiarly for the determination of the jury (*Sullivan* v. *State,* 17 *Ga. App.* 122, 86 S. E. 287; *Farlow* v. *State,* 27 *Ga. App.* 42, 107 S. E. 383), whose finding, under the facts of this case, we do not feel within our power to reverse. "The indecent condition may exist in the degree of the intoxication, even if there be no harmful act and no unbecoming language or loud and violent discourse." *Ford* v. *State,* 10 *Ga. App.* 442 (73 S. E. 605). The language used by the court in *Howell* v. *State,* 13 *Ga. App.* 74 (78 S. E. 859): "We have held more than once that mere drunkenness, manifested by extreme stupor or deep sleep, is not a violation of the State law," was purely obiter dictum, and was not intended to cover all cases. Extreme stupor or deep sleep may under certain circumstances be found by the jury to be indecent conduct or acting. See *Howell* v. *State,* 14 *Ga. App.* 414 (81 S. E. 247); *Hutcheson* v. *State,* 24 *Ga. App.* 54 (99 S. E. 715). In *Ramey* v. *State,* 40 *Ga. App.* 658 (151 S. E. 55) there was no indication from the evidence that the defendant could be seen by people on the road, and there was no evidence as to how he got there and whether he was in that condition before he arrived. We think the case at bar clearly distinguishable. From what has been said we are of the opinion that the judge did not abuse his discretion in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*