## 26286. MASSEY *v.* THE STATE.

DECIDED SEPTEMBER 9, 1937.

*J. H. Kirby,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

MACINTYRE, J. The indictment charges that on December 14, 1936, in Hall County, Georgia, Clate Massey "did then and there be and appear in an intoxicated condition and under the influence of intoxicating liquor, so as to be noticeable on a public and private road and highway, to wit, the Gainesville-Lula Road, and within the curtilage of a private residence not in the exclusive possession of the said accused, to wit, the private residence of —————————, contrary to the laws of the State," etc. Evidently this indictment was drawn under section 31 of the alcoholic beverage-control act (Ga. L. 1935, p. 327), which reads: "Any person who shall be and appear in any intoxicated condition or under the influence of intoxicating liquors so as to be noticeable on any public or private road, street, or highway, or within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated, or upon any boat, railway, passenger-train, bus, or other common carrier, shall be guilty of a misdemeanor." But in *Reynolds* v. *State,* 181 *Ga.* 547 (182 S. E. 917), the Supreme Court said, referring to the

alcoholic beverage-control act: "When the act of 1935 is considered in its entirety, it is manifest that the legislature did not intend that any part of it should become effective as the law unless the people should ratify its provisions in the election of May 15, 1935, in which election, according to a proclamation conceded to have been made by the Governor, a majority of the votes were cast against repeal." See also *Dorsey* v. *Clark*, 183 *Ga.* 304 (188 S. E. 388); *Cone* v. *State*, 184 *Ga.* 316 (191 S. E. 250). It follows that said act is not the law of Georgia, and is wholly nugatory as a repealing statute, and that section 58-608 of the Code is still the law. Under that section, "Any person who shall be and appear in an intoxicated condition on any public street or highway, or within the curtilage of any private residence not in the exclusive possession of the person or persons so intoxicated, . . which said drunkenness or intoxication may be caused by the excessive use of intoxicating wines, beers, liquors, or opiates, and must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken, shall be guilty of a misdemeanor." The indictment in the present case must be measured by the law announced in the Code section. Paragraph 1 of the defendant's demurrer to the indictment avers that it "does not charge this defendant with any offense under the law;" and paragraph 5, that "said indictment does not allege in what way said intoxication was manifest."

Did the court err in overruling the demurrer? "It is a general rule that the allegations of fact made in the body of an indictment, in order to constitute an offense, must show that the accused did all of those acts which the statute prescribes shall be a crime if done; and it is also a general rule that if all the facts which are charged in the indictment be true and yet the accused can be guiltless, the indictment is bad." *Herring* v. *State*, 114 *Ga.* 96, 99 (39 S. E. 866); *Matthews* v. *State*, 16 *Ga. App.* 321 (85 S. E. 284). "Every indictment charging crime must be complete within itself, and charge the crime and every substantial element of the offense alleged to have been committed." *Durden* v. *State*, 152 *Ga.* 441 (110 S. E. 283). In *Newnan* v. *State*, 63 *Ga.* 533, Justice Bleckley, speaking for the court, said: "Now,

the rule as to the sufficiency of the indictment is this: if all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." "The true test of the sufficiency of an indictment to withstand a general demurrer, or a motion to quash, is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective." *Dukes* v. *State,* 9 *Ga. App.* 537 (2) (71 S. E. 921). "The act of 1905 makes it a misdemeanor to be drunk or intoxicated on any public street or highway, or within the curtilage of any private residence not in the exclusive possession of the person so intoxicated; but, to complete the offense, the drunkenness or intoxication 'must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar or profane or unbecoming language, or loud and violent discourse.' Acts 1905, p. 114. The purpose of the statute is to protect the public streets and highways and private residences, not so much from the presence of the drunkard as from the conduct of the drunkard as described in the act. In other words, a man while intoxicated can be on the public streets or highways, or within the curtilage of private residences, without violating the law, provided he does not then and there make manifest his drunken condition by some disorderly conduct as set out in the statute." *Coleman* v. *State, 3 Ga. App.* 298 (59 S. E. 829). "Under the provisions of the act of 1905 (Acts 1905, p. 114), the intoxication which is prohibited is that which is manifested by certain acts specifically mentioned in the statute." *Haines* v. *State, 8 Ga. App.* 627, 631 (70 S. E. 84). See also *Ramsey* v. *State,* 40 *Ga. App.* 658 (151 S. E. 55), and cit.; *Graham* v. *State,* 143 *Ga.* 440, 447 (85 S. E. 328, Ann. Cas. 1917A, 595). In the instant case it would be just as necessary for the State to prove that the defendant's alleged intoxication was manifested in one of the ways designated in the Code section as it would be to show that he was intoxicated at one of the places charged. Indeed, the defendant could have admitted that he was under the "influence of intoxicating liquor so as to be noticeable on . . . the Gainesville-Lula Road, and within the curtilage" of the private residence indicated, and still be perfectly innocent, under the Code section

with which we are dealing. Our view is that the indictment fails to charge any offense under the law, and that the court erred in overruling paragraphs 1 and 5 of the demurrer. In the light of this ruling it is not necessary to pass upon the other grounds of the demurrer, two of which attack the alcoholic beverage-control act as being "too vague and indefinite . . to be capable of enforcement."

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*