### 27753. PLEMONS v. THE STATE.

GUERRY, J. 1. "Any person who shall be and appear in an intoxicated condition on any public street or highway, . . which said drunkenness or intoxication may be caused by the excessive use of intoxicating wines, beers, liquors, or opiates, and must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken, shall be guilty of a misdemeanor." Code, § 58-608. To complete the offense the drunkenness or intoxication *must* be made manifest by at least one of the ways specified in the statute; otherwise drunkenness or intoxication on a public street or highway is not an offense under the statute. *Coleman* v. *State,* 3 *Ga. App.* 298 (59 S. E. 829) ; *Chandler* v. *State,* 36 *Ga. App.* 121 (135 S. E. 494) ; *Griffin* v. *State,* 183 *Ga.* 775, 780 (190 S. E. 2) ; *Massey* v. *State,* 56 *Ga. App.* 368, 370 (192 S. E. 660). In the instant case not only did the evidence for the State fail to show manifestation of intoxication in any of the specified ways, but it disclosed that the defendant "was polite and talked nice," and "was not boisterous, indecent, nor did he talk loud. He was very polite."

2. Where the indictment charges that the "drunkenness and intoxication" were "caused by the excessive use of intoxicating wines, beers, liquors,

and opiates," and the State fails to prove that the drunkenness was caused by any intoxicant named, such omission is fatal to the State's case. *Hutchinson* v. *State,* 46 *Ga. App.* 219 (167 S. E. 205). In the instant case it appears that the State failed to prove intoxication from any of the causes alleged.

3. The State having failed to prove drunkenness from any of the causes charged, or by any of the manifestations of conduct specified by the statute, a verdict of guilty was unauthorized. The court erred in overruling the motion for new trial.

. *Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 22, 1939.

*Dalton & Brooke,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.