## 29904. RUSSELL v. THE STATE.

DECIDED FEBRUARY 9, 1943.

W. F. Moore, Vester M. Ownby, for plaintiff in error.

Bond Almand, solicitor, Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, contra.

MacINTYRE, J. The defendant was convicted of a violation of Code § 58-608, which declares: "Any person who shall be and appear in an intoxicated condition on any public street or highway, . . which said drunkenness or intoxication may be caused by the excessive use of intoxicating wines, beers, liquors or opiates, and must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken, shall be guilty of a misdemeanor." While there was no evidence that the defendant manifested his drunkenness by boisterousness, or by vulgar, profane, or unbecoming language or loud and violent discourse, yet the State contends that his drunkenness was made manifest by his indecent condition or acting. The defendant, while intoxicated, could be on the public highway without violating this statute, provided his drunkenness was not manifested by one of the ways enumerated in the statute. *Massey v. State, 56 Ga. App. 368, 370 (192 S. E. 660).* The evidence was that the defendant "was staggering and very drunk. He was about to fall down. . . There were other people in the street, all of whom were school children who had the opportunity of seeing defendant

in his drunken condition. . . The defendant was on the highway and was very drunk; was staggering and just could walk." It appeared that he was about to fall at any moment; that this was a very thickly-settled neighborhood; that on either side of Defoor Ferry Road there are houses; that there is much traveling on the highway, and there are people on it at all times, including children, who could see him in that condition. It is true that he was not using profane language and was not boisterous; however, witnesses testified that the defendant had previously appeared and had been arrested for drunkenness.

"One who has not done any of the acts specified in the statute as means by which the drunkenness prohibited may be demonstrated or manifested may nevertheless be guilty of a violation of the statute if his condition, caused by his drunkenness, is such as of itself to be obnoxious to public decency. The question as to whether one's condition is such as to offend public decency is purely a question of fact, and must be determined by the jury, who can take into consideration the circumstances of the case." *Lovett* v. *State*, 13 *Ga. App.* 71, 74 (78 S. E. 857). In *Farlow* v. *State*, 27 *Ga. App.* 42 (107 S. E. 383), it was said, "That one who was lying in a public highway, on his back, stretched out drunk and unable to get out of the road, his head near the middle of the road and his feet toward the side, so that he had to be dragged to one side in order to permit the passage of vehicles, was drunk under such circumstances as that his drunkenness was manifested by an indecent condition within the meaning of the statute." In *Holcombe* v. *State*, 54 *Ga. App.* 213 (187 S. E. 599), it was said: "Whether the defendant, who was found in a drunken stupor, lying on the front seat of an automobile which had no top, his feet hanging over the door, the automobile being at that time on a public highway, was manifesting his drunkenness 'by indecent condition or acting' (Code § 58-608), was a question for the jury. The evidence authorized the conviction."

From what has been said we think the jury was authorized to find that the defendant's drunkenness was manifested by such indecent condition or acting as was within the purview of the statute, and that the judge did not abuse his discretion in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*