### 33343. MOORE *v.* THE STATE.

GARDNER, J. (a) The defendant was accused by a special presentment by the grand jury of Monroe County, Georgia (omitting the formal parts), as follows: "did . . be and appear in an intoxicated condition on public highway known as Old Forsyth-Collier Road, which said drunkenness and intoxication was caused by the excessive use of intoxicating wines, beer, or liquor . . and was made manifest by . . indecent condition and acting. . ." The other manifestations of an intoxicated condition as specified in the Code are also alleged. The defendant was convicted, and duly perfected an amended motion for new trial,

which was overruled. On this judgment he assigns error here.

(b) The jury were authorized to find, from the evidence, that the defendant was in a truck parked on the highway alleged, within about 250 yards from a house on the highway. Someone in the vicinity notified the Sheriff of Monroe County to make an investigation concerning the act in question. The sheriff, being sick, sent his deputy to the scene. When the deputy arrived at the place where the defendant was arrested, he found a truck parked on the highway alleged, and found the defendant and a woman on the front seat in the act of intercourse, in plain view of any users of the highway. The woman was nude and the defendant had his pants unfastened. The defendant and the woman were very drunk from the use of whisky, which the officers smelled upon their breath. So far as the general grounds are concerned, the evidence amply sustained the manifestations of drunkenness by indecent condition and acting. The cases relied on by the defendant (*Rinehart* v. *State,* 32 *Ga. App.* 549, 123 S. E. 925, *Ramey* v. *State,* 40 *Ga. App.* 658, 151 S. E. 55, and *Plemons* v. *State,* 60 *Ga. App.* 639, 4 S. E. 2d 681) are in no wise in point under the facts in this case.

(c) There are two special grounds. The first assigns error because the officer was asked how far from where the defendant was apprehended was it from the nearest house in which white people lived. The witness answered: 250 yards. The attorney for the defendant immediately made a motion for a mistrial, on the ground that the question of the solicitor-general and the answer of the witness were done so quickly that the attorney did not have time to object before the evidence was before the jury; the court gave no instructions to the jury, and did not rebuke the State's witness or counsel for bringing out such evidence; and such evidence, the movant alleges, was prejudicial to him for the reason that he is a negro, and that the evidence was introduced to inflame the passion and prejudices of the jury, and was calculated to inflame such passion and prejudices because the defendant was a negro and was in close proximity to the house of white persons, and for this reason the trial was not a fair and impartial trial. The court properly overruled the motion for a mistrial.

Special ground 2 assigns error because, it is alleged, the court erred in failing to grant a mistrial on account of evidence as follows: The Sheriff of Monroe County was asked: "Who made the call to you?" The movant objected to this question, and the court permitted the sheriff to answer "Mrs. James Porche." The movant immediately made a motion for a mistrial, which was overruled. Error is assigned, that to permit the sheriff to testify, over objection, was prejudicial; that the evidence was inadmissible, and that testimony that some white person called the sheriff to arrest a negro for being drunk was introduced to inflame the passion and prejudices of the jury, and did inflame such passion and prejudices, and rendered the trial unfair and not impartial. Counsel cites no authority in support of this special ground, and we will cite none. Suffice it to say that they show no cause for a reversal of this case under its facts. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

Decided January 25, 1951.

*W. B. Mitchell,* for plaintiff in error.
*Benjamin B. Garland, Solicitor-General,* contra.