36342. JEFFERY *v.* THE STATE.

TOWNSEND, J. 1. "No 'condition or acting' can be said to be indecent unless it is unfit to be seen, or so gross or immodest as to be offensive to public propriety, or repulsive to a just delicacy of feeling." *Davis v. State*, 14 *Ga. App.* 569 (2) (81 S. E. 906). "One may be intoxicated without violating the statute [Code § 58-608], provided he is guilty of no act which violates public decency. One might be ever so intoxicated, even on a highway proved to be a public highway, and yet if he did no act to disturb the public peace he would be guilty of no offense." *Dorsey v. State*, 7 *Ga. App.* 366, 372 (66 S. E. 1096). Under Code § 58-608 prohibiting public drunkenness it is required that the intoxication "must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken."

2. Where, as here, police officers some distance away noticed the defendant on the right-of-way of a public highway some 4 or 5 feet from the pavement in an area where there were no houses nearby; saw the defendant leave the pavement and go to a creek bank under a bridge crossing the highway, and followed him there and arrested him, but the defendant, according to the arresting officers gave them no trouble, used no profane language, said nothing out of the way and was not boisterous but on the contrary was "very nice," such conduct is not sufficient to constitute the offense of public drunkenness, even though the defendant was drunk, and even though this was manifested to the officers by their observation that he staggered as he left the right-of-way of the highway. Mere staggering, under these circumstances, is not such "indecent condition" in the place and under the circumstances herein set forth as to violate

public decency or disturb the public peace. No contrary holding is required by the cases cited by the solicitor-general. *Ford* v. *State*, 10 *Ga. App.* 442 (73 S. E. 605) concerns a defendant who went into the dwelling house of another, frightened a child, and fell prone because of his intoxicated condition. *Sullivan* v. *State*, 17 *Ga. App.* 122 (86 S. E. 287) concerns a defendant who drove a horse and buggy so as to frighten others from the road, almost ran down other travelers on the road, and drove into and damaged private property. The defendant in *Whatley* v. *State*, 51 *Ga. App.* 26 (179 S. E. 587) did not stagger, but the defendant there did a number of acts tending to disturb the public peace, including shoving dishes off a counter and breaking them. In all of these cases the drunkenness was manifested by one of the ways indicated by statute, whereas no such evidence appears in this record.

The trial court erred in denying the motion for new trial on the general grounds.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

Decided September 25, 1956.

*D. L. Lomenick, Jr.*, for plaintiff in error.
*Earl B. Self, Solicitor-General*, contra.