## 28018. SCARBOROUGH v. THE STATE.

Ingram, Justice. This is an appeal from a conviction for public drunkenness. The State Court of Bibb County, sitting as the trior of law and fact, found the defendant guilty and imposed a sentence of a fine of $75, or, in lieu of payment thereof, twenty-five days in jail.

The case comes to this court by virtue of a constitutional attack made by the defendant upon the pertinent provisions of Ga. L. 1968, pp. 1249, 1315 (Code Ann. § 26-2607), defining the offense of public drunkenness as follows: "A person who shall be and appear in an intoxicated condition in any public place. . . which condition is made manifest by boisterousness, or by indecent condition or act, or by vulgar, profane, loud, or unbecoming language, is guilty of a misdemeanor."

The defendant filed a motion to dismiss the accusation which charged him with a violation of this statute. His motion was overruled by the Judge of the State Court, and after a trial the defendant was found guilty. The appeal here raises two questions: (1) Is the public drunkenness statute unconstitutional? and (2) does the evidence support the finding of guilt?

It is unnecessary to pass on the constitutionality of this statute because, in our opinion, the evidence is insufficient to sustain a conviction. The present statute is similar to the provisions of an earlier Georgia statute defining public drunkenness. Therefore,

decisions of this court and the Court of Appeals of Georgia under the older statute are persuasive in understanding the essential elements of the offense.

Mere drunkenness in a public place is not enough. To complete the offense, the drunkenness must be made manifest by at least one of the ways specified in the statute. *Plemons v. State,* 60 Ga. App. 639 (1) (4 SE2d 681). The part of the statute upon which the conviction was based in this case provides that a person "who shall be and appear in an intoxicated condition in any public place. . . which condition is made manifest by. . . indecent condition or act. . . is guilty of a misdemeanor." This is true because counsel for the state conceded in his closing argument to the trial court, "There was no testimony here that he was vulgar or used any profane language." In addition, there is no evidence that the defendant was boisterous or loud and so the state's attorney based his case for conviction squarely on "the indecent condition or act" portion of the statute.

What do these words mean in the context of this statute? Earlier appellate decisions indicate they do not include the concept of recklessness, nor even of impropriety, unless the impropriety be such as to offend the sentiments of delicacy and modesty universally recognized in civilized communities. *Davis v. State,* 14 Ga. App. 569, 572 (81 SE 906). This case, and the later case of *Hutcheson v. State,* 24 Ga. App. 54 (99 SE 715), refer to the definition given by the Standard Dictionary (1913), p. 1247, wherein "indecent" is defined as "offensive to common propriety; offending against modesty or delicacy; unfit to be seen or heard; or immodest; gross; obscene." The Revised Fourth Edition of Black's Law Dictionary generally follows this definition and relies on the *Hutcheson* case, supra, and *Wood v. State,* 45 Ga. App. 783 (165 SE 908), a disbarment case wherein the word "indecent" was said to be "unseemly, unbecoming, indecorous, or as unfit to be seen or heard."

So, the question comes down to whether the defendant's condition was such as to offend public decency in this case. While this question is usually a question of fact to be resolved by the trior of facts (*Lovett v. State,* 13 Ga. App. 71 (78 SE 857)), the evidence here is insufficient to establish an "indecent condition or act" on the part of the defendant. The only evidence presented in this case was the testimony of a deputy sheriff who responded to a call to go to the Traveler Lodge Motel as a result of an undisclosed complaint. He testified that upon arrival, he found

the defendant trying to gain entry through the motel door. The night manager was trying to bar the defendant's entrance. The defendant appeared to be intoxicated, but was not loud or boisterous. He was declaiming about how people were against him and how he had just lost an election; that he had "done his best and he didn't understand why people done him that way." The defendant had some money in his hands which he had burned and was trying to burn more of it. The deputy put the defendant in his car and subsequently took him to the jail where, after some disturbance there, he formally charged defendant with public drunkenness. There was no evidence that the defendant's conduct at the motel was violent, or of a gross or obscene nature. There was no evidence that the defendant was ordered to leave the premises or refused to do so. Thus, even if the defendant was drunk in a public place, his conduct was not indecent within the definition of the statute so as to authorize a conviction in this case. The public drunkenness statute was designed as a protection against a drunkard's conduct and not his mere presence. *Mathis v. Rowland,* 208 Ga. 571 (1) (67 SE2d 760). Therefore, the judgment of the trial court finding the defendant guilty and sentencing him to a fine or jail term must be reversed.

*Judgment reversed. All the Justices concur.*
   SUBMITTED JUNE 15, 1973 — DECIDED SEPTEMBER 6, 1973.

*O. L. Crumbley,* for appellant.
*Clarence Clay, Solicitor, James M. Wooten, Brayton S. Dasher,* for appellee.