### 15382.   THOMAS *v.* THE STATE.

An accusation of drunkenness in a designated public place can not be established by proof that the accused, while in an intoxicated condition, was involuntarily and forcibly carried to that place by the arresting officer, no matter what the proof may be touching the other essential elements of the alleged offense.

DECIDED DECEMBER 9, 1924.

Accusation of drunkenness on highway; from city court of Dawson—Judge Edwards. January 10, 1924.

*Parks & Parks,* for plaintiff in error.

*W. H. Gurr, solicitor,* contra.

LUKE, J. Aaron Thomas was convicted of being drunk on a certain public highway; and he excepts to the judgment overruling his motion for a new trial. There was evidence tending to show that he traveled the designated highway to a church beside the road, where he was arrested by a deputy sheriff and carried, under custody, along the same road to the county jail. Two witnesses testified (evidently giving their opinion only) that the accused was drunk at and prior to the time of his arrest, but no witness testified to any fact tending to show how such drunkenness was made manifest at any time prior to the arrest of the accused and his involuntary appearance upon that road. There was evidence, however, tending to show that, after his arrest and while being carried to jail, the accused made his drunken condition manifest by vulgar, profane, and unbecoming language, and in other ways. The court

charged as follows: "If the defendant came upon the public highway while under arrest and used vulgar, profane, and unbecoming language, he would be just as guilty of violating the law as if he had not been under arrest. The fact that he was under arrest would not alter the situation." This charge is excepted to on the ground, among others that it places upon the accused the same criminal responsibility for being involuntarily carried upon a public highway as for voluntarily going upon it while in a drunken condition.

We think the exception is well taken. The accusation was based upon section 442 of the Penal Code (1910), which provides: "If any person shall be and appear in an intoxicated condition on any public street or highway, . . which said drunkenness or intoxication may be caused by the excessive use of intoxicating wines, beers, liquors, or opiates, and must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxicated or drunken, he shall be guilty of a misdemeanor." Under the plain terms of that statute, especially as construed by the prior decisions of this court, the place where the drunken condition exists is no less essential to the offense than the condition itself, drunkenness becoming an indictable offense only when the drunken person appears at some one or more of the places specified in the statute. *Burkes* v. *State,* 7 *Ga. App.* 39 (65 S. E. 1091); *Hutchinson* v. *State,* 8 *Ga. App.* 684 (2) (70 S. E. 63); *James* v. *State,* 28 *Ga. App.* 713 (113 S. E. 26). And since the union or joint operation of act and intention is an essential element of every crime or misdemeanor, the involuntary presence of a drunken person upon a public road is not an indictable offense.

Since the evidence may not be the same upon another trial, no ruling is now made as to the sufficiency of the evidence to support the verdict; but see *Coleman* v. *State,* 3 *Ga. App.* 298 (59 S. E. 829).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*