### PULLEN *v.* CLECKLER, sheriff.

1. Where a witness has been subpœnaed to attend the superior court and fails to obey the precept, the court may, under the Civil Code, 1910, § 5852, proceed by attachment to compel the attendance of such witness, and also to punish him by a fine not exceeding three hundred dollars. But in such a case Civil Code § 4849 (5) does not apply.

---

Witnesses, 40 Cyc. p. 2171, n. 96; p. 2177, n. 52.

2. The court erred in remanding the plaintiff in error to jail on the hearing of the habeas corpus proceeding, to complete the jail sentence imposed by the court.

No. 5073. APRIL 13, 1926.

Habeas corpus. Before Judge Tarver. Whitfield superior court. September 16, 1925.

*Maddox, Maddox & Mitchell,* for plaintiff.

*C. C. Pittman, solicitor-general,* for defendant.

HILL, J. Lester Pullen was served with two subpœnas to attend the July term, 1925, of Whitfield superior court, one to appear before the grand jury and one to attend as a witness in the case of the State *v.* Dave Sloan, charged with selling, making, and possessing intoxicating liquors. Pullen failed to obey either of these subpœnas. Two rules were issued against him for contempt of court, and the same were served upon him. On the trial of the proceeding for contempt he admitted receiving the subpœnas. The trial judge sentenced him in each case to pay a fine of $200 and to serve 20 days in jail, evidently under the Civil Code of 1910, § 4849 (5). Pullen sued out a writ of habeas corpus against the sheriff of the county; and on the hearing of the habeas corpus proceeding the court remanded Pullen to jail to complete the jail sentence imposed by the court in the contempt cases.

It is insisted by plaintiff in error that the superior court was without power to punish him by both fine and imprisonment under the Civil Code, § 4849, but that if the plaintiff in error can be punished at all it is under § 5852, which provides that "The court may proceed by attachment, to compel the attendance of a witness who fails to obey the precept, and also to punish him by fine not exceeding $300. In addition thereto such a witness shall be liable in damages to the person causing him to be subpœnaed, for his failure to attend." This section is taken from the judiciary act of 1799 (Acts 1799, p. 26), which declares that "Where it shall appear, in manner aforesaid, that a witness in any cause shall have been duly summoned, and such witness shall fail to appear, it shall be the duty of the court, on motion, to issue an attachment against such defaulting witness, returnable to the next court, and shall fine such witness in a sum not exceeding $300, unless he or she shall make a sufficient excuse for such non-attendance, which shall be judged of by the court, but shall nevertheless be subject to the action of the person at whose suit such witness shall

have been summoned, for any damage which he, she, or they may have sustained by reason of such non-attendance." It will thus be seen that the judiciary act of 1799, which has been brought forward in all of the codes of this State, and which is embodied in the Civil Code of 1910, § 5852, provides punishment expressly, and only, for witnesses who fail to obey the precept of the court, and the punishment provided by that act is by a fine not exceeding $300. There is no express authority in this act to punish a witness who fails to attend court under precept by imprisonment. Thus we have two sections of the Code (§§ 5852, 4849, par. 5), each providing for a different punishment. Section 4849 declares generally the jurisdiction of the superior courts, and one of these powers is declared, in specification 5 thereof, "to punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." Where the language in this specification originated the writer has been unable to ascertain; but, whatever its origin, it is now embodied in the Civil Code of 1910, and has the effect of statute law, that Code having been adopted by the legislature. It will be observed that these powers are general; whereas the power conferred by § 5852 applies only to a witness who *fails* to attend when he has been subpoenaed to appear before the court. There is nothing in the present record to indicate that, after the court had cited the plaintiff in error to appear and answer the rule for contempt for having failed to appear, the witness refused to testify in the case in which he was cited to appear and to testify. So we are of the opinion that the court exceeded his authority when, in addition to the fine imposed, he also ordered the plaintiff in error to be imprisoned not exceeding 20 days. Having once brought the plaintiff in error before the court, the court had ample authority to require him to attend and to testify by requiring him either to give bond for his appearance at court, or, on the failure to give bond, to imprison him for that purpose.

In the case of *Crosby* v. *Potts*, 8 *Ga. App.* 463, 466 (69 S. E. 582), Judge Powell, in discussing the inherent powers of the courts to devise ways to compel witnesses to testify, said: "Just how the performance of this duty of giving testimony should be compelled is a matter which from time to time has been the subject of various statutes; but the better view seems to be that it

8

has ever been one of the inherent powers of courts to devise ways to compel all persons to perform this testimonial duty, except in so far as they may, for special reasons, have been made exempt from testifying, either generally or specially. We do not think that the contention of counsel is well taken that no power existed at common law by which the courts could compel a witness to give bail for his appearance at the trial. As Bailey, B., said as to a somewhat similar proposition in the case of Summers *v.* Moseley, 2 Cr. and M. 489, 'prior to that statute [the statute of Elizabeth, supra], there must have been a power in the Crown (for it would have been utterly impossible to carry on the administration of justice without such power) to require the attendance in courts of justice of persons capable of giving evidence, and the production of documents material to the cause, though in the possession of a stranger.' The fact that no precedent of a common law court's having done the precise thing done in this case does not negative the fact that the courts did have the power. As Prof. Wigmore says in his great work on Evidence, speaking along this general line, 'but how culpable is this self-stultifying concession by a court of justice that it knows of no process to execute its powers for enforcing a conceded duty.' There can not be a precise precedent for everything. Where there is a clearly established principle, the lack of a precedent is no obstacle. There must sometime be a first precedent." For a discussion of the same general subject see *Davis* v. *Davis,* 138 *Ga.* 8, 12 (74 S. E. 830) ; *Cobb* v. *Black,* 34 *Ga.* 162, 166, 167; *Hancock* v. *Kennedy,* 22 *Ga. App.* 144 (95 S. E. 735).

So we reach the conclusion that the court had authority to fine the plaintiff in error not exceeding $300 for his failure to attend court under § 5852 of the Code of 1910; and that if it was necessary in order to secure the attendance of the plaintiff in error at court from that time, and to testify, the court had ample authority to secure his attendance by requiring him to give bail, or, in default thereof, to go to jail. See, in this connection, Constitution of Georgia, art. 1, sec. 1, par. 20 (Civil Code of 1910, § 6376). Civil Code (1910), §§ 4643, 4644.

*Judgment reversed. All the Justices concur.*

ATKINSON, J., concurring specially. Lester Pullen refused to appear as a witness before the grand jury, as commanded in a

subpœna issued by the clerk of the superior court in certain criminal cases. The judge issued a rule against the witness to show cause why he should not be attached as for a contempt of court in failing to obey the subpœna. At the hearing before the judge the witness was held to be in contempt and ordered in each case to pay a fine of $200 and to serve a term of 20 days in jail. The witness instituted habeas corpus proceedings to prevent execution of the latter part of the sentence. The question is did the judge have power to impose the jail sentence? It is provided in the Civil Code (1910), § 5852, that "The court may proceed by attachment to compel the attendance of a witness who fails to obey the precept, and also to punish him by a fine not exceeding three hundred dollars. In addition thereto such a witness shall be liable in damages to the person causing him to be subpœnaed, for his failure to attend." This provision of the law had its origin in the general judiciary act of 1799 (Acts 1799, p. 26) and was embodied in the Code of 1863 and has been contained in the several succeeding codes. The Civil Code of 1910, § 4849, provides: "The superior courts have authority . . To punish contempt by fines not exceeding two hundred dollars, and by imprisonment not exceeding twenty days." This provision of the code was not taken from any prior act of the legislature, but was embraced in the Code of 1863, supra, and has been contained in each of the succeeding codes. The Code of 1863 was adopted by an act of the legislature, and its provisions thereby became binding as a statute. *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518); *O'Berry* v. *State,* 153 *Ga.* 644, 647 (113 S. E. 2). As both of the above-mentioned sections of the Civil Code were included in the Code of 1863, they became adopted as parts of the same law, and each should be construed in the light of the other. The Civil Code, §. 5852, provides for attachment as for a contempt of court, and the imposition of a fine not to exceed $300 against a person who has been served with a subpœna issued by the clerk of the superior court to appear as a witness before the court, and who refuses to appear in obedience to the subpœna. This provision of the code does not authorize the judge to impose a jail sentence upon the person subpœnaed for mere failure to appear. The provisions of the Civil Code, § 4849 (5), do not apply to a matter of contempt as in-

dicated above, but contemplate contempt in refusing to obey orders that may be issued by the judge in a matter properly before the court. If a witness served with a subpœna issued by the clerk in a proceeding before the court refuses to appear in obedience to the subpœna, he may be attached and punished as by a fine under the Civil Code, § 5852. But after the witness has refused to obey the subpœna, if the judge issues his order requiring the witness to appear in obedience to the subpœna, and the witness being served with such order persists in disobeying the order of the judge, he may be punished as for a contempt of court by fine or imprisonment, or both, in the discretion of the judge, under the Civil Code, § 4849 (5). The two sections of the code both relate to contempt of court, but refer to different jurisdictional facts which shall constitute the contempt, and provide different punishments which may be imposed by the court. When they are thus construed no confusion results. Each may be applied under facts appropriate for each. It is not a case of having two conflicting or ambiguous provisions of law to be applied to the same state of facts. On the hearing of the habeas corpus proceeding it appeared that the only contempt of which the witness was charged was in refusing to obey the subpœna issued by the clerk. There being no charge that the judge issued an order requiring the appearance of the witness and that the witness had refused to obey such order, there was no jurisdictional charge of contempt upon which to base a judgment imposing a jail sentence; and consequently it was erroneous in the habeas corpus proceeding to remand the prisoner to the custody of the officer.