### 17138.   REDDICK v. THE STATE.

BROYLES, C. J.   The accused was found "dead drunk" and in an indecent condition upon the public highway designated in the indictment. However, the evidence as to whether he voluntarily went upon the highway while intoxicated and in an indecent condition, or was involuntarily carried there by some other person, was wholly circumstantial and did not exclude every reasonable hypothesis save that of his guilt. It follows that his conviction was not authorized by the evidence, and that the refusal to grant a new trial was error. See, in this connection, *Thomas* v. *State*, 33 *Ga. App.* 134 (125 S. E. 778).

*Judgment reversed. Luke, J., concurs. Bloodworth, J., not participating, on account of illness.*

DECIDED APRIL 14, 1926.

Conviction of drunkenness on highway; from city court of Quitman—Judge Weston.   January 20, 1926.

*Stanley S. Bennet,* for plaintiff in error.

Criminal Law, 16 C. J. p. 1179, n. 67.
Drunkards, 19 C. J. p. 802, n. 17.