### 17602. CHANDLER v. THE STATE.

The writ of error will not be dismissed because of violation of the rule of the superior court requiring counsel for the plaintiff in error, on filing the bill of exceptions in a misdemeanor case, to certify that he believes that his client has good grounds for reversal.

To authorize a conviction of public drunkenness under section 442 of the Penal Code (1910) the drunkenness must have been made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language. The evidence did not authorize a conviction in this case.

DECIDED NOVEMBER 9, 1926.

Drunkenness on highway; from city court of Carrollton—Judge Hood. July 9, 1926.

*S. Holderness, Smith & Millican,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

BROYLES, C. J. 1. Upon the call of this case in this court the

---

Criminal Law, 17 C. J. p. 194, n. 99 New.

Drunkards, 19 C. J. p. 798, n. 47, 48, 49, 50; p. 802, n. 17.

defendant in error made a written motion to dismiss the bill of exceptions, on the ground that counsel for the plaintiff in error had failed to comply with rule 60 of the superior courts, established by the superior-court judges in convention at Atlanta on July 2, 1924, and reading as follows: "that upon the filing of a bill of exceptions in a misdemeanor case, counsel for plaintiff in error be required to certify that he verily believes that his client has good grounds for reversal, and that upon an examination of the whole record he does in good faith appeal said case." A violation of this rule is no cause for a dismissal of the bill of exceptions by this court, and the motion to dismiss is denied.

2. "The public drunkenness punishable by the terms of section 442 of the Penal Code 'must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or by loud and violent discourse.'" Under this ruling and the evidence adduced in the instant case, the conviction of the accused was unauthorized, and the refusal to grant him a new trial was error.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*