## 20107. RAMEY *v.* THE STATE.

DECIDED DECEMBER 10, 1929.

*S. W. Fariss,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. The defendant was convicted of being drunk on a public highway, and he assigns error on the overruling of his motion for a new trial. The evidence discloses that the defendant was asleep in the rear seat of a car, and the officer woke him up. The State's witness swore that "he was not boisterous; he was not riotous; he was not doing anything indecent; he was not doing anything, just drunk; he was not vulgar or profane; I did not hear him say a word; he was not using any unbecoming language, and there was no loud or violent discourse. . . He did not have his clothes unbuttoned or anything." Section 442 of the Penal Code, under which the defendant was indicted, provides that the drunkenness or intoxication "must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane, or unbecoming language, or by loud and violent discourse." This essential requisite to the commission of the crime was not proved. "The purpose of the statute is to protect the public streets and highways and private residences, not so much from the presence of the drunkard as from the conduct of the drunkard as described in the act. In other words, a man while intoxicated can be on the public streets or highways, or within the curtilage of a private residence, without violating the law, provided he does not then and

there make manifest his drunken condition by some disorderly conduct as set out in the statute." *Coleman* v. *State,* 3 *Ga. App.* 298 (59 S. E. 829). In *Howell* v. *State,* 13 *Ga. App.* 74, 77 (78 S. E. 859), this court said: "We have held more than once that mere drunkenness, manifested by extreme stupor or deep sleep, is not a violation of the State law; for the State penalizes only that drunkenness which is manifested in the manner specifically pointed out by the section of the code." "The public drunkenness punishable by the terms of § 442 of the Penal Code 'must be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or by loud and violent discourse.' Under this ruling and the evidence adduced in the instant case, the conviction of the accused was unauthorized, and the refusal to grant him a new trial was error." *Chandler* v. *State,* 36 *Ga. App.* 121 (2) (135 S. E. 494). See also *Dixon* v. *State,* 28 *Ga. App.* 559 (2) (112 S. E. 159); *Peterson* v. *State,* 13 *Ga. App.* 766 (79 S. E. 927); *Graham* v. *State,* 143 *Ga.* 443, 447 (85 S. E. 328, Ann. Cas. 1917A, 595). In each of the cases cited by counsel for the State the accused manifested his drunkenness in some manner specified by the statute.

The foregoing ruling on the general grounds of the motion for a new trial renders it unnecessary to pass on the amendment to the motion.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*