### 30220. MARSHALL v. THE STATE.

DECIDED NOVEMBER 6, 1943.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted on two counts charging public drunkenness under the Code, § 58-608. The first count charged her with public drunkenness caused by the excessive use of intoxicating liquor, which was made manifest by boisterousness and indecent condition and acting on "Memorial Drive, a public highway of said State and county." The second count specifies the same offense, but on a different occasion and street, to wit, "on Pryor Street, a public highway of said State and county." The defendant carried her case by certiorari to the superior court. On the hearing there the court overruled and dismissed the certiorari. The assignment of error is that the evidence does not support the indictment, and a conviction is therefore unauthorized under the controlling statute.

As to count 1, the evidence reveals that the officers had a call regarding some kind of disturbance at Frank Azar's, off Memorial Drive, known as "E & B Soda Company, corner Central Avenue." The defendant was arrested in Frank Azar's place on Central Avenue and while under arrest was carried to Memorial Drive. While in the custody of the officers on Memorial Drive she committed the acts of public drunkenness as alleged in the indictment. It does not appear how far from Memorial Drive the arrest was made. The arrest under this count was made in the early evening. On the same evening, about 12 o'clock, the defendant was arrested on the inside of "Macks Drive-In" about 75 feet off Pryor Street, and taken to Pryor Street, where the alleged offense charged in count 2 of the indictment was committed.

This court has held that, "A conviction of being intoxicated upon a public highway is not supported by proof that the defendant was intoxicated at a store within 15 or 30 feet of the public road." *Hutchinson* v. *State,* 8 *Ga. App.* 684 (2). Also, that "An accusation of drunkenness in a designated public place can not be established by proof that the accused, while in an intoxicated condition, was involuntarily and forcibly carried to that place by the arresting officer, no matter what the proof may be touching the other essential elements of the alleged offense." *Thomas* v. *State,* 33 *Ga. App.* 134 (125 S. E. 778). In *Reddick* v. *State,* 35 *Ga. App.* 256 (132 S. E. 645), this court cited *Thomas* v. *State,* supra, approvingly in reversing a conviction from the court below. In dealing with the question under facts not altogether similar to the instant case the court said: "The accused was found 'dead drunk' and in an indecent condition upon the public highway designated in the indictment. However, the evidence as to whether he voluntarily went upon the highway while intoxicated and in an indecent condition, or was involuntarily carried there by some other person, was wholly circumstantial and did not exclude every reasonable hypothesis save that of his guilt. It follows that his conviction was not authorized by the evidence, and that the refusal to grant a new trial was error. See, in this connection, *Thomas* v. *State,* 33 *Ga. App.* 134 (125 S. E. 778)."

It thus appears from the record that the arrests were made for public drunkenness committed in places other than those specified under the protective provisions of the statute. The court erred in dismissing and overruling the writ of certiorari.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*