## 33622. POGUE *v.* THE STATE.

MacINTYRE, P. J. Where, under an accusation drawn in the language of Code § 58-608, a defendant is found guilty of being drunk on a public highway, and the only evidence introduced in the case was that the defendant was found sitting slumped over in the front seat of an automobile parked on the side of a road; that the automobile was also occupied by three other persons who had been drinking heavily, but the defendant was in a drunken stupor and was the drunkest of them all; that "the defendant was not boisterous or riotous . . he did not use vulgar, profane or obscene language . . he was not doing anything indecent and was not riotous, but was just drunk . . that he [the arresting officer] could merely see the top of the defendant's head in the car from the road and that if anyone passed along the road, only that part of the defendant would have been visible to them . . [and] the defendant did not have his clothes unbuttoned and that all of his body or person was inside of the enclosed car and that neither his legs, head, nor feet was hanging out the sides or window of the car," the conviction of the accused is unauthorized, and the refusal to grant a new trial is error for the reason that, while the evidence authorized a finding that the defendant was drunk on a public highway, yet it failed to show that the drunkenness was made manifest by "boisterousness, indecent condition or acting, or by vulgar, profane, or unbecoming language, or loud and violent discourse," as charged in the accusation.

Code, § 58-608; *Ramey* v. *State,* 40 *Ga. App.* 658 (151 S. E. 55); *Massey* v. *State,* 56 *Ga. App.* 368, 370 (192 S. E. 66), and citations.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED SEPTEMBER 7, 1951.

*Bobby Lee Cook,* for plaintiff in error.