### 38025.  FINCH *v.* THE STATE.

TOWNSEND, Judge.  1. Code § 58-608 provides that the offense of public drunkenness "must be made manifest by boisterous-

ness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxicated." "Mere drunkenness, manifested by extreme stupor or deep sleep, is not a violation of the State law." *Howell* v. *State*, 13 *Ga. App.* 74, 77 (78 S. E. 859). It was not an offense under the terms of this section, or otherwise so far as the evidence in this case shows, for the defendant to have pulled his car off to the side of a public road and to be sleeping therein, even though he may have been extremely intoxicated at the time, and accordingly at the time the police officers awoke and arrested the defendant he was guilty of no offense. *Ramey* v. *State*, 40 *Ga. App.* 658 (151 S. E. 55); *Pogue* v. *State*, 84 *Ga. App.* 595 (66 S. E. 2d 647); *Jeffrey* v. *State*, 94 *Ga. App.* 434 (95 S. E. 2d 290).

2. Officers may arrest without a warrant only if the person arrested has committed an offense in their presence, is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Code § 27-207. The officers here had no right, so far as is shown by the evidence in this case, to awake the defendant and force him to alight from his automobile, search him, and place him under arrest. The arrest was therefore illegal, and the defendant had the right to resist in a proper manner. One of the witnesses testified: "The disturbance I am talking about occurred during the time I was arresting him, and after I arrested him and put him in the car. He was drunk, staggering and cursing. He wasn't disturbing anybody until I disturbed him and woke him up . . . He was fighting, he didn't want to be searched and he said we was laying for him, picking on him and he was getting tired of it, he didn't want to be messed with and he didn't want me to arrest him. . . . He snatched loose and I had to get hold of him and search him. . . When I got him in the car there was a lot of talking, he was cursing me and carrying on all the way to town." The other witness testified: "All I remember him saying was that he was tired of the sheriff and police picking on him and bothering him. . . Mr. Finch cursed there and he talked in a tone like drunks do, loud vulgar language. Mr. Finch was drunk at that time. . . The disturbance took place when he didn't want us to search him and get him out of the car and get him in the sheriff's car. . . I did not ride back with the sheriff and Mr. Finch and so I don't know

what took place in the car between them." Aside from the above testimony there is nothing to indicate what words the defendant used to the sheriff or police officer, but whatever he said was said after the illegal arrest was made, and during the course of or after the illegal search of the defendant, and during the time he was in custody. Where one is arrested for public drunkenness without a warrant, and is not manifesting his intoxication to the arresting officer in any of the methods set out in the statute, the arrest is illegal and is "an assault by the arresting officer upon the person arrested. It constitutes legal justification for the employment by the person arrested of force sufficient in amount to avoid an arrest and repel the assault." *Napper* v. *State*, 200 *Ga.* 626, 629 (38 S. E. 2d 269). The only resistance employed by the defendant here was verbal remonstrance which conduct, under these conditions, cannot be relied on by the State as manifestation of drunkenness.

The offense of public drunkenness can be committed only in the places designated by statute, and manifested only in the manner designated by statute. Merely staggering, for example, is not a sufficient manifestation to justify conviction. Cursing is. But when a person is intoxicated in a place which is not one designated by statute, he cannot be forcibly removed from that place to a public place within the purview of the statute and then charged with committing the offense in the latter place. *Marshall* v. *State*, 70 *Ga. App.* 106 (27 S. E. 2d 702). Likewise, in *Thomas* v. *State*, 33 *Ga. App.* 134, 135 (125 S. E. 778) the following instruction was held to be erroneous: "If the defendant came upon the public highway while under arrest and used vulgar, profane, and unbecoming language, he would be just as guilty of violating the law as if he had not been under arrest. The fact that he was under arrest would not alter the situation." In the *Thomas* case the defendant had traveled a public road just prior to his arrest and in the opinion of the officers he was drunk at that time; however, his drunkenness was not made manifest until after he was arrested and involuntarily returned to the public road. The defendant here, while sleeping in his automobile, was guilty of no offense; only after the officers arrested him and forced him involuntarily upon the highway and then into the sheriff's automobile did he use the language which the State claims to be a manifestation of drunkenness but which

the evidence shows to be a remonstrance against an unlawful arrest. Whether or not the defendant is guilty of this offense must be determined as of the time he was arrested, and not by acts which occurred subsequently to the arrest and which were provoked by the conduct of the officers. The trial court erred in overruling the general grounds of the motion for new trial.

3. For the reasons set out in the first two divisions of this opinion it was error for the court to charge in substantially the language of *Thomas* v. *State,* 33 *Ga. App.* 134, supra, that, if the defendant committed the acts outlined above which the evidence shows him to have committed, he would be guilty of the offense charged.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 21, 1960.

*Neville & Neville, Wm. J. Neville, W. G. Neville,* for plaintiff in error.

*Robert S. Lanier, Solicitor,* contra.