## 49165. MOODY v. THE STATE.

ARGUED MARCH 5, 1974 — DECIDED MARCH 15, 1974.

*Millard C. Farmer, Jr.,* for appellant.

*Eldridge W. Fleming, District Attorney, William F. Lee, Jr.,* for appellee.

DEEN, Judge.

1. The order adjudging appellant in contempt of court and consequent sentence shows on its face that it is based on two findings of contumacious conduct: failure to appear as directed by a subpoena and appearing in a courtroom while under the influence of alcohol. We consider these findings separately and in inverse order. The court, on conflicting evidence, had a right to determine that the witness was temporarily in-capacitated and that this state stemmed from alcohol rather than drugs. Her appearance in that condition in the courtroom, however, was not voluntary but resulted from her having been arrested and conveyed there by the sheriff's office. It was stated in *Marshall v. State,* 70 Ga. App. 106 (27 SE2d 702) that a conviction for public drunkenness is unauthorized where it appears that the defendant, although drunk, was not in a public place until after he had been arrested and conveyed there by police officers. Where one was found lying drunk on a public road, but it did not appear whether he had gone there voluntarily or been placed there by others, the circumstantial evidence did not exclude the hypothesis of innocence. *Reddick v. State,* 35 Ga. App. 256 (132 SE 645). "When a person is intoxicated in a place which is not one designated by statute, he cannot be forcibly removed from that place to a public place within the purview of the statute and then charged with committing the offense in the latter place." *Finch v. State,* 101 Ga. App. 73 (112 SE2d 824). Where a defendant was arrested for improper parking and ordered to drive his automobile to police headquarters, this act did not subject him to conviction for driving without a license. "When society, through its law-enforcement officers, has been the cause of an individual's action, it seems unjust for society to punish him." State v. Ragland, 4 Conn. Cir. 424 (233 A2d 698), citing 73 Harvard Law Review 1333, 1335. See also State v. Miller (La. App.) 187 S. 2d 461. The appellant's presence in the courtroom was due to actions of law

enforcement officers, not her own, and she could not be held in contempt merely for appearing there in a drunken condition.

2. As to the due process defense, it is apparent that the appellant had neither notice nor hearing, nor was she in any way informed either when first brought into court or at the conclusion of the trial when recalled that the judge contemplated holding her in contempt. It might be observed that the witness, being the wife of the defendant on trial, was not compellable to testify in any event (Code Ann. § 38-1604) but this would have to be a point of personal privilege. Whether she was even aware of the fact is in grave doubt. Further, the subpoena which was served on her had printed on it: "Fail not under penalty of Three Hundred Dollars" with no mention of possibility of imprisonment, but again we should probably indulge the entirely erroneous presumption that this citizen knows what the law is.

"Due process of law means the administration of general laws according to established rules, not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the subject matter, and proceeding upon notice and hearing." *Norman v. State,* 171 Ga. 527 (2) (156 SE 203). Was the appellant entitled to notice and hearing on the charge that she had contumaciously refused to obey the subpoena? The answer lies entirely in the *kind* of contempt embraced by the charge. Code § 24-105 provides: "The powers of the several courts to issue attachments and inflict summary punishment for contempt of court shall extend only to cases of misbehavior of any person or persons in the presence of said courts or so near thereto as to obstruct the administration of justice. . . and the disobedience or resistance by any . . . party, juror, witness or other person or persons to any lawful writ, process, order, rule, decree, or command of the said courts." There is a type of contempt of court which is exempt from the due process requirements of notice and hearing. This is the direct summary criminal contempt "arising in the presence of the court which tends to scandalize it and hinder or obstruct the orderly processes of the administration of

justice, the preservation of order and decorum in the court," etc., and which is committed "in the face of" or "in the immediate presence of" the judge. In such a case the court may "act on its own knowledge of the facts and proceed to impose punishment for the contempt." While the court may in its discretion allow a hearing, the refusal to do so does not deprive the defendant of the due process of law guaranteed by the State and Federal Constitutions. *Garland v. State,* 99 Ga. App. 826, 830 (110 SE2d 143). Quoting from *White v. George,* 195 Ga. 465, 469 (24 SE2d 787) *Garland* repeated that the right to take such summary action is inherent in courts for their own preservation, is not subject to be abridged by legislative action or otherwise, and that for a direct contempt committed in the face of the court, one that threatens to scandalize or destroy order in the courtroom the offender "may be instantly apprehended and immediately imprisoned, without trial or issue, and without other proof than [the judge's] actual knowledge of what occurred; and that, according to an unbroken chain of authorities reaching back to the earliest times, such power, although arbitrary in its nature and liable to abuse, is absolutely essential to the protection of the courts in the discharge of their functions." Id., p. 831. See also *Jackson v. State,* 225 Ga. 553 (4) (170 SE2d 281).

With this exception, based on the inherent power of courts to protect themselves from disruptive acts committed in their immediate presence, due process demands that the contemnor be cited, given notice, and allowed an opportunity to defend or excuse himself. We are satisfied that the failure of a witness to respond to a subpoena belongs in the second category by definition, but this can also be easily demonstrated by precedent.

Our present statute (Ga. L. 1966, pp. 502, 504; Code Ann. § 38-801 (f)) provides: "Subpoenas may be enforced by attachment for contempt, and by fine not exceeding $300 and by imprisonment not exceeding 20 days." Prior to 1939 former Code § 38-1504 provided: "The court may proceed by attachment to compel the attendance of a witness who fails to obey the subpoena, and also to punish him by a fine not exceeding $300." In *Pullen v. Cleckler,* 162 Ga. 111 (132 SE 761) decided in 1926, Pullen failed

to obey two subpoenas. He was cited for contempt and after hearing sentenced to a fine of $200 and 20 days in jail under Code § 24-2615 (5) giving authority to the superior courts "to punish contempt by fines not exceeding $200 and by imprisonment not exceeding 20 days." This section and Code § 24-105 above quoted were of course also a part of our law at that time; it was contended that the judgment of imprisonment was justifiable as a discretionary use of the court's inherent contempt powers. The Supreme Court, disavowing this argument, held that the contempt power of imprisonment applied only in the event that the witness, after having been cited, refused to testify in the case. The defendant could be fined under the subpoena statute but not imprisoned. If the original failure to appear in response to the subpoena, as opposed to a wilful refusal to testify after he was produced, had been such an act as to invoke the inherent summary powers of the court for an offense committed *in its face* or *in its immediate presence,* the *Pullen* case, of course, would not have been reversed, for then the mere *fact* of absence without more would have entitled the court to render summary punishment. But such was not the case, and the original failure to appear (as opposed to a wilful failure to testify after appearance) was held not subject to punishment as a contempt, but as a violation of the subpoena statute. Thus, the summary procedure is not involved. Under our present Code Ann. § 38-801 (f), supra, subpoenas may be enforced by attachment for contempt, but this means citation, notice, hearing, and assistance of counsel, as in contempts generally, and not the punishment meted out for courtroom incidents such as were involved in *Garland v. State* and *White v. George,* supra, under the court's inherent power to maintain order. See also In re Oliver, 333 U. S. 257; Cooke v. United States, 267 U. S. 517, 537 (45 SC 390, 69 LE 767); *Barnes v. Tant,* 217 Ga. 67 (4) (121 SE2d 125); *Mendel v. Mendel,* 202 Ga. 675 (44 SE2d 257); *Williams v. Mann,* 188 Ga. 212, 215 (3 SE2d 557); *Harris v. Harris,* 205 Ga. 105 (52 SE2d 598).

Since the appellant was not afforded due process safeguards, the judgment finding her in contempt of court must be reversed.

*Judgment reversed. Hall, P. J., and Stolz, J., concur.*