## 49449. MOORE v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of public drunkenness. Her appeal raises the single issue of the sufficiency of the evidence to support the jury's verdict.

A state's witness, Mr. Fraker, testified that he was awakened by his wife in the early hours of June 16, 1973. He then heard an auto horn and a radio playing. He dressed and from his kitchen door observed a car in his driveway parked behind his own automobile with the lights on and the motor running, and the radio was playing. He walked outside and observed someone lying

in the seat of the car. He knocked on the window, received no reply, and then called the Gwinnett County Police. Two policemen arrived. One testified that upon arrival at the Fraker residence, he saw a 1969 Cadillac parked in the driveway with the defendant inside and the radio "was playing real loud." The defendant appeared intoxicated. She was asked to produce her driver's license for identification purposes. The defendant stated to the officers "to leave her alone," and she became belligerent, loud, cursed the officers and used other abusive and obscene language. She refused the officers' offer to call someone to pick her up and take her home. She was then arrested and while enroute to the county jail she again became belligerent and "started raising all sorts of cain." The defendant testified and denied being drunk or cursing or being belligerent to the officers prior to the arrest. *Held:*

Public drunkenness is defined by our Criminal Code as: "A person who shall be and appear in an intoxicated condition in any public place or within the curtilage of any private residence not his own other than by invitation of the owner or lawful occupant, which condition is made manifest by boisterousness, or by indecent condition or act, or by vulgar, profane, loud, or unbecoming language, is guilty of a misdemeanor." Code Ann. § 26-2607.

The defendant relies upon *Finch v. State,* 101 Ga. App. 73 (112 SE2d 824) and *Thomas v. State,* 33 Ga. App. 134 (125 SE 778). Both these cases are distinguishable as the drunkenness in those cases was not made manifest by boisterous, indecent condition, etc. until after the defendant's arrest by the police. Here defendant was found within the curtilage of a private residence intoxicated without invitation of the owner, loudly playing a car radio in the early morning hours. After the police arrived and prior to her arrest she continued to manifest her intoxication by her improper language, and belligerent attitude. All the elements of the offense were sufficiently shown so as to authorize the verdict of guilty.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted May 28, 1974 — Decided September 20, 1974 —

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*John F. Lester, Solicitor,* for appellee.