### 59984, 59985. YOUNG v. THE STATE (two cases).

Smith, Judge.
We granted this interlocutory appeal in order to review the trial court's denial of appellants' motion to suppress. The essential facts are as follows: Appellants were arrested by two plainclothes police officers in the parking lot of a tavern in Floyd County. The officers were working this area because of numerous complaints about fights and drug-related activities and to back up any patrol unit in the area. They observed appellants exit their car and "stagger" to the rear. Appellant David Young had a box in his hand. As the officers approached, Mr. Young placed the box under the front seat of the car and "hurriedly" locked the door. The officers identified themselves, whereupon Mrs. Young began "raising cain" with them. Both appellants were arrested for public drunkenness. During a pat-down search of Mr. Young, a package of phencyclidine ("angel dust") was discovered between the cellophane and the paper of his cigarette pack. While searching Mrs. Young's pocketbook for weapons, the

officers found one capsule of phentermine ("speed"). The car was then searched and several ounces of marijuana were found in the box Mr. Young had placed under the seat.

We reverse as to appellant David L. Young and affirm as to appellant Lisa G. Young.

1. In order to effectuate a valid arrest for public drunkenness under the Criminal Code of Georgia, appellants' drunken condition must have been "made manifest by boisterousness, or by indecent condition or act, or by vulgar, profane, loud, or unbecoming language ..." Code § 26-2607. "The record clearly shows that [Mr. Young] did not exhibit such behavior and that his conduct did not fall within the purview of this penal provision." *LaRue v. State,* 137 Ga. App. 762, 763 (224 SE2d 837) (1976); *Adams v. State,* 153 Ga. App. 41 (264 SE2d 532) (1980). When asked about Mr. Young's conduct immediately prior to his arrest, one of the arresting officers testified, "He never said anything. . . He never said anything the whole time to us or anything. As a matter of fact, I don't think I ever heard him speak until we got to the station, and we were asking him his name and such as that."

The State failed to show any legal justification for Mr. Young's arrest; therefore, the trial court erred in failing to suppress the fruits of his unlawful arrest. Moreover, the marijuana seized from the car must be suppressed since the probable cause for inspecting the contents of the box was derived solely from this illegal arrest. *LaRue,* supra. We thus conclude that the drugs seized from the cigarette pack and from the car were fruits of the illegal arrest of Mr. Young and that the trial court erred in overruling his motion to suppress. See *Moore v. State,* 155 Ga. App. 299 (1980).

2. As they approached the Youngs, the officers identified themselves and asked what was wrong. Mrs. Young responded that the officers should not "hassle" her because she was a former employee of the sheriff's department and she knew her rights. When asked what tone of voice she was using, one of the arresting officers testified, "Well, it wasn't a friendly tone, by no means. It was a mad tone of voice. She wasn't quiet about it either. Q. Was not quiet? A. She wasn't screaming at the top of her voice, but yet if anybody had been out there on the lot, if they had listened, they could have heard. Q. Okay. Did she use any profanity or any curse words, vulgar language? A. I don't remember about profanity or anything. I just know she was loud and boisterous."

"The offense of public drunkenness can be ... manifested only in the manner designated by statute. Merely staggering, for example, is not a sufficient manifestation to justify [an arrest]." *Finch v. State,* 101 Ga. App. 73, 75 (112 SE2d 824) (1960); *Shuman v. State,* 146 Ga.

App. 124 (245 SE2d 481) (1978). Here, the unimpeached testimony of the officer was that Mrs. Young, in addition to staggering, was "loud and boisterous" prior to her arrest. In our view, there was sufficient probable cause for the warrantless arrest of Mrs. Young. *Moore v. State,* 133 Ga. App. 28 (209 SE2d 662) (1974); see *Finch,* supra at 76. Therefore, the phentermine discovered in her pocketbook incident to her arrest was properly seized. *State v. Handspike,* 240 Ga. 176 (240 SE2d 1) (1977).

*Judgment reversed as to Case No. 59984; judgment affirmed as to Case No. 59985. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED SEPTEMBER 8, 1980.

*Larry J. Barkley,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.