73589. JONES v. THE STATE.
(353 SE2d 593)

BIRDSONG, Chief Judge.

David Jones was tried on four counts of burglary of the same store premises. The trial court directed a verdict of acquittal on three of the four counts but the jury found Jones guilty of the third count. Jones was sentenced to fifteen years with five to serve followed by ten on probation. He brings this appeal enumerating six errors. *Held*:

1. In the first three enumerations of error, Jones asserts the general grounds. The facts show that between November 14, 1983 and February 14, 1984 the M & A Welding Company was burglarized on four separate occasions. During this time frame, Jones was an employee of M & A Welding and was being trained on identification of various welding machines, cutting tips and welding equipment. Jones as a salesman had to know the various tips and nozzles that fit a particular welding torch because the parts of different torches were not compatible. Jones also had been issued a key to the outer doors of the establishment, because as one of the several employees charged with the responsibility, on occasion, Jones had to lock up at closing time. Jones, on the occasions he was the employee closing the store, was obligated to take cash on hand and put some of it in a petty cash box and the remainder in an unusual hiding place so as to thwart a poten-

tial burglar. The several burglaries were distinguished by the fact that the burglars apparently were familiar with welding equipment in that the burglars took only torches, tips and tanks that were compatible in size. Moreover, in addition to the larceny of the petty cash box on each occasion, on one occasion (but apparently not the burglary of January 14), the hidden receipts were taken. Also on one occasion (the burglary of January 14), entry was gained without a forcible breaking, apparently by use of a key. An accomplice testified as to the burglary occurring on January 14, 1984, the underlying burglary constituting Count 3 of which Jones was convicted. That accomplice testified that at Jones' suggestion, the M & A Welding Company was burglarized. The accomplice testified that he and Jones entered the premises and that Jones gained entry without breaking any glass or doors. He testified that Jones stated there was a second supply of cash hidden somewhere and if they could find that money, it would not be necessary to take anything else. When the other cash could not be found, they took tip, cutters, helmets, and items that could be sold in addition to the cash from the petty cash box. After the burglaries, Jones made the statement to a third party that someone had ratted on him on the M & A Welding job and he was going to have to set out some rat poison. Subsequently, a connection was made to the accomplice and through him to the appellant Jones. The trial court concluded there was sufficient evidence to submit Count 3 to the jury but that there was no competent evidence connecting Jones to the other three burglaries. At the conclusion of the State's case, Jones made a motion for a directed verdict of acquittal and subsequently a motion for new trial based upon the asserted insufficiency of the evidence to connect Jones to the burglary of January 14 an assertion which perhaps would have merit if the evidence of the accomplice was wholly uncorroborated.

In order to consider the enumeration of insufficiency of evidence, we must first consider the issue of corroboration of the testimony of the accomplice. Evidence of Jones' connection to the burglary was circumstantially shown by several factors. The burglars at least on one occasion gained entrance by the apparent use of a key and Jones had had access to a key. Only an employee would have known that additional money other than that in the petty cash box was hidden in the store, yet the accomplice knew of the second source of money and related the source of that knowledge back to Jones. The burglars obviously knew that tips, torches and connections had to be compatible, and Jones had been trained in that regard. Jones himself admitted his connection to the burglary and only after the accomplice had been apprehended and connected Jones to the January 14 burglary.

Corroborating evidence to warrant the admission of accomplice testimony needs only to be slight. *Harris v. State*, 165 Ga. App. 186

(299 SE2d 393). It may be circumstantial (*Gunter v. State*, 243 Ga. 651 (2) (256 SE2d 341)); and generally is peculiarly a matter for the jury to determine. *Shumake v. State*, 159 Ga. App. 141 (282 SE2d 756). We hold the corroborating evidence, albeit slight, to be sufficient as a matter of law to prove Jones' identity and participation in the crime. We further hold that the evidence when considered in connection with the testimony of the accomplice sufficient to enable any rational trier of fact to find Jones guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In enumeration 4, Jones contends the trial court in its explanation to the jury as to the grant of the motion for directed verdicts of acquittal in relation to Counts 1, 2, and 4 expressed a personal opinion that the evidence was sufficient to warrant a conviction as to Count 3. The trial court in its charge directed the jury to "return a Verdict of Not Guilty on Counts 1, 2, and 4, so the only Counts you have remaining for consideration would be Count number 3. The evidence was not sufficient on those Counts and the Court will instruct you to return a Verdict of Not Guilty, and I have so prepared a Verdict for a signature by your Foreman, but as to Count 3. . . ."

We are not persuaded by this speculative argument. The trial court clearly charged the jury that it (the jury) was the trier of fact and law and that the burden was upon the State to prove to the satisfaction of the jury (not the court) beyond reasonable doubt the guilt of the defendant. In making this determination, the jury was cautioned that they were the sole arbiters and nothing the trial court had said or done during the course of the trial was to be taken as an indication the court was predisposed as to the issue of guilt or innocence or as between the parties who should prevail. Moreover in its charge, the court clearly stated that the evidence on the three counts removed from the jury's consideration was insufficient to allow the counts to be submitted for consideration but there was sufficient evidence as to Count 3 "for consideration." There is a substantial difference in informing a jury that there is sufficient evidence to warrant the submission of a charge of criminal conduct for their consideration of guilt or innocence as triers of fact and informing the jury there is evidence of such a character as to warrant a return of a finding of guilt.

Our duty as an appellate court is to correct errors alleged to have been made at trial by the trial court and not to manufacture them. *Finch v. State*, 138 Ga. App. 668, 672 (226 SE2d 779). When viewed as a whole, the charge of the court properly informed the jury as to their responsibility and was not an improper expression of opinion. See *Bowles v. State*, 168 Ga. App. 763, 765 (310 SE2d 250). Equally important in this determination is that when given an opportunity to

enter an objection to any part of the charge, the appellant indicated satisfaction with the charge except as to one slip of the tongue which was unrelated to the charge of which complaint is here made. In the absence of an objection to the alleged improper charge or reservation of the right to object, the asserted error is waived. *Lynn v. State*, 162 Ga. App. 437 (291 SE2d 572).

3. Appellant complains in his enumeration of error 6 that the trial court erred in allowing a witness to testify who had not been furnished the defense in response to its demand for a list of witnesses.

The facts show that the State became aware of the testimony of the witness who overheard Jones' admission that he had been involved in the M & A burglary the day before the trial. Jones was informed the same day and was given an opportunity to interview the witness before the witness testified. Counsel for Jones initially indicated he was satisfied with the short interview but subsequently uncovered a witness who cast a doubt upon the verity of the alleged admission. Because of the after-discovered impeaching testimony, Jones argues the shortness of time violated his rights of notice as to witnesses who would testify against him.

There is no merit in this enumeration. In instances where the trial court has allowed a defendant the opportunity to interview a recently discovered and unlisted witness prior to the testimony, the purpose of the notice statute has been satisfied. Under such circumstances, the trial court properly allows the witness to testify. *White v. State*, 253 Ga. 106, 109 (317 SE2d 196).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1987.

*Barry B. Greene*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.