## 75064. GARRETT v. THE STATE.
(362 SE2d 423)

Benham, Judge.

This appeal is from appellant's conviction for public drunkenness and obstruction of an officer. The State's evidence authorized the jury to find the following: At approximately 11:00 p.m. on the date of ap-

pellant's arrest, the arresting officers watched a car pull into the parking lot of a closed public building and stop. When the car did not move after a few minutes, the officers approached and turned on their blue light. Appellant's fiancée, the driver, was arrested for DUI and driving without a license. Because appellant was visibly too drunk to walk safely from the scene of the arrest, the officers directed him to accompany them to the jail so that transportation home could be arranged, assuring him that there were no charges against him. Appellant told one of the officers to go to hell, and was arrested for public drunkenness. When asked to get out of the car, he resisted violently and had to be extricated forcibly. After he was handcuffed and placed in the police car, appellant began kicking the door and window.

1. In his first and eighth enumerations of error, appellant contends that a motion to dismiss the public drunkenness charge should have been granted because the officers testified that the only reason appellant was arrested was that he refused their request that he accompany them to jail. The record does not support that position. The officer testified that appellant was arrested, not for refusing to accompany the officers, but because he cursed one of them when the officer requested that appellant go with them to the jail. That conduct authorized appellant's arrest. *Moore v. State*, 133 Ga. App. 28 (209 SE2d 662) (1974). Other arguments asserted by appellant on this point were not raised at trial and will not be considered. *Smith v. State*, 180 Ga. App. 309 (4) (349 SE2d 4) (1986).

2. Since we have held that appellant's arrest for public drunkenness was legal, his argument in his second enumeration of error that the obstruction of an officer charge should have been dismissed since it was based on his lawful resistance to an illegal arrest is without merit.

3. In his third, fourth, and ninth enumerations of error, appellant contends that the trial court erred in denying his motions for directed verdicts of acquittal. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984). The evidence set forth above was sufficient to authorize a rational trier of fact to find appellant guilty of public drunkenness and obstruction of an officer beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Patterson v. State*, 181 Ga. App. 68 (1) (351 SE2d 503) (1986) (public drunkenness); *McDaniel v. State*, 164 Ga. App. 105 (2) (296 SE2d 401) (1982) (obstruction of an officer).

4. Appellant's complaint in his fifth enumeration of error concerning a jury charge was waived when appellant made other objections to the charge, but did not make the one raised on appeal and did not reserve the right to make further objections. *Jones v. State*,

181 Ga. App. 651 (2) (353 SE2d 593) (1987).

5. In his sixth enumeration of error, appellant complains of a jury charge on expert testimony, asserting that there were no witnesses qualified as experts. The only witnesses to whom the charge could have applied were the arresting officers, who testified that appellant's codefendant, who was charged with DUI, was intoxicated; appellant's own intoxication was uncontested. Under those circumstances, assuming that any error was committed, we hold without hesitation that it is highly probable that the charge did not contribute to the verdict and was, therefore, harmless. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

6. Although he made no objection to it at trial, appellant included as a ground in his motion for new trial the conduct of the prosecuting attorney in making improper argument to the jury. The seventh enumeration of error is directed to the denial of his motion for new trial on that ground. " '[U]nless the court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time in a motion for new trial.' [Cit.]" *Hudson v. State*, 250 Ga. 479 (4) (299 SE2d 531) (1983). The seventh enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED OCTOBER 20, 1987 —
REHEARING DENIED NOVEMBER 3, 1987 — ▮

*James A. Satcher, Jr.*, for appellant.
*William A. Foster III, District Attorney*, for appellee.